02-11-102-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00102-CR

 

 


 
 
 Jose L. Perez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 297th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
Jose L. Perez was indicted on one count of aggravated sexual assault of a child
and one count of indecency with a child by contact.  He was then reindicted on
two counts of aggravated sexual assault of a child and two counts of indecency with
a child by contact.  The State later waived counts two and four, leaving one
count of aggravated sexual assault of a child and one count of indecency with a
child by contact.  The complainant was Appellant’s daughter.

Appellant’s
first trial resulted in a mistrial when the jury could not reach a verdict on
either count.  In the second trial, the jury found Appellant guilty of both
counts and assessed punishment at thirty-eight years’ confinement on the
aggravated sexual assault conviction and twelve years’ confinement on the
indecency with a child conviction.  The State filed a motion requesting that
any sentences be stacked.  Appellant’s attorney objected, stating that “we
oppose the motion based on the fact that the jury has the discretion of
awarding a wide range of punishment, so we feel it’s in their purview that they
would be able to assess what they feel would be the appropriate amount of time
in this matter.”  The trial court stacked the sentences, sentencing Appellant to
confinement for a total of fifty years.[2]

Appellant
filed a motion for new trial on the ground that the verdict was “contrary to
the law and the evidence.”  The motion was overruled by operation of law.

In
his first issue, Appellant argues that the trial court’s stacking of the
sentences for a total of fifty years’ confinement resulted in an excessive and
disproportionate punishment for the offenses of which he was convicted.  The
State argues that Appellant failed to preserve his complaint because he did not
raise it when his sentences were imposed or in his motion for new trial.  Although
a criminal defendant often has no opportunity to object to a sentence he
believes is excessive or disproportionate, in the case now before this court, Appellant
was given the opportunity to object before the trial court imposed the stacked
sentences.  Before the jury returned its verdict on punishment, the State asked
the trial court to stack the sentences when they were imposed.  Appellant was
given the opportunity to object at that time.  He did object, but not on the
grounds raised on appeal.  Rather, he objected that the decision to stack the
sentences interfered with the jury’s authority to determine the appropriate
length of sentence.  He argued that the jury had the authority, after hearing
all the evidence, to determine how long Appellant should be imprisoned.  When
the trial court stacked the sentences, the trial court essentially replaced the
jury’s determination with its own.  Appellant's objection below is not an
objection that the sentence is excessive or disproportionate.

The
complaint made on appeal must comport with the complaint made in the trial
court or the error is forfeited.[3]  That is, the complaint
must be “essentially the same.”[4]  To determine whether the
complaint on appeal comports with that made at trial, we consider the context
in which the complaint was made and the parties’ shared understanding at that
time.[5]  Because
Appellant’s issue on appeal does not comport with his objections below, he has
failed to preserve his complaint.  We therefore overrule Appellant’s first
issue.

In
his second issue, Appellant argues that Texas Penal Code section 3.03(b)(2) and
Texas Code of Criminal Procedure article 21.24[6] are unconstitutional as
applied to him.  To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion.[7] 
Further, the trial court must have ruled on the request, objection, or motion,
either expressly or implicitly, or the complaining party must have objected to
the trial court’s refusal to rule.[8]
 Specifically, a complaint that a statute is unconstitutional as applied to the
defendant must be preserved by raising it in the trial court.[9]  Because Appellant failed to
preserve his complaint for our review by first raising it in the trial court,
we overrule his second issue.

Having
overruled both issues on appeal, we affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
DAUPHINOT,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex. R. App.
P. 47.2(b)

 

DELIVERED:  January 26, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. § 3.03(b)(2) (West Supp. 2011) (allowing stacking of sentences if accused is convicted of more
than one listed offense arising out of same criminal episode during which
complainant was younger than seventeen years of age; listed offenses include
online solicitation of a minor, sexual performance of a child, prohibited sexual
conduct, continuous sexual abuse of a child, indecency with a child, sexual
assault, and aggravated sexual assault).





[3]Lovill v. State, 319 S.W.3d 687,
691–92 (Tex. Crim. App. 2009) (“A complaint will not be preserved if the legal
basis of the complaint raised on appeal varies from the complaint made at
trial.”); Pena v. State, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009)
(“Whether a party’s particular complaint is preserved depends on whether the
complaint on appeal comports with the complaint made at trial.”).





[4]Clarke v. State, 270 S.W.3d 573, 580–83 (Tex. Crim. App. 2008).





[5]Resendez v. State, 306 S.W.3d 308, 313
(Tex. Crim. App. 2009); Pena, 285 S.W.3d at 464.





[6]Tex. Code Crim. Proc. Ann. art. 21.24 (West 2009) (allowing joinder
of offenses arising out of same criminal episode).





[7]Tex. R. App. P. 33.1(a)(1); Lovill, 319 S.W.3d at 691–92.





[8]Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334,
341 (Tex. Crim. App. 2004).





[9]Curry v. State, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995).