02-11-528-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00528-CR

 

 









 
 
 Gary
 Neal Hightower
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From County Criminal
 Court No. 9
  
 of
 Tarrant County (1206671)
  
 January
 4, 2013
  
 Opinion
 by Justice Walker
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

 

By_________________________________

   
Justice Sue Walker








 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00528-CR

 

 


 
 
 Gary Neal Hightower
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM County
Criminal Court No. 9 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I. Introduction

Appellant
Gary Neal Hightower appeals his conviction for driving while intoxicated (DWI).
 In two points, Hightower contends that the trial court abused its discretion
by admitting State’s Exhibits 1 and 3 without proper authentication and by allowing
the State to comment during closing argument on Hightower’s failure to
testify.  We will affirm. 

II.  Factual and Procedural Background

Fort
Worth Police Officer Olimpo Hernandez observed Hightower driving the wrong way
on Houston Street in downtown Fort Worth and pulled over Hightower’s car.  Officer
Hernandez noticed a strong odor of alcohol emanating from Hightower’s breath
and that his speech was “a little” slurred.  Hightower told Officer Hernandez
that he was coming from Razzoo’s restaurant in downtown Fort Worth, where he
had consumed two beers.  After he failed field sobriety tests, Officer
Hernandez arrested him for DWI.  At the police station, Hightower also failed
sobriety tests administered in the intoxilyzer room.  Hightower did not submit
to a breathalyzer test.

At
trial, the State introduced into evidence a videotape of the stop taken from an
in-dash video recorder in Officer Hernandez’s squad car and of the events in
the intoxilyzer room.  Hightower presented evidence at trial that his walking
was impaired from a running injury to his ankle.  The jury convicted him of DWI
and assessed his punishment at ninety days’ incarceration, probated for
eighteen months, and a $550 fine. 

III.  Standard of Review

To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Lovill v. State,
319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138
S.W.3d 334, 341 (Tex. Crim. App. 2004).  An appellant’s complaint on appeal
must comport with the objection made at trial.  Clark v. State, 365
S.W.3d 333, 339 (Tex. Crim. App. 2012).  A reviewing court should not address
the merits of an issue that has not been preserved for appeal.  Wilson v.
State, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh’g).

IV.  Authentication of Evidence

In
his first point, Hightower argues that the trial court abused its discretion by
admitting State’s Exhibits 1 and 3 despite the lack of proper authentication. 
The State asserts that this point is not preserved for our review.

At
trial, the State offered as State’s Exhibit 1 the in-car videotape of the stop
and of the events in the intoxilyzer room following Hightower’s arrest and offered
as State’s Exhibit 3 a copy in DVD form of a portion of State’s Exhibit 1 with certain
audio portions referring to Hightower’s prior arrest muted.  When
authenticating State’s Exhibit 1, the following dialogue took place between the
prosecutor and Officer Hernandez: 

Q.  Officer
Hernandez, I hand to you what’s been marked as State’s Exhibit 1 and State’s
Exhibit 1A.  Do you recognize those?

 

A.  Yes.

 

Q.  What are they?

 

A.  This is a videotape
from the offense that night.

 

Q.  Okay. And State’s
Exhibit 1A, is that the jacket it comes in?

 

A.  Yes.

 

Q.  Okay.  And did
you have an opportunity to view that video?

 

A.  Yes.

 

Q.  And was it—is it a
fair and accurate depiction of the events of July 17th, 2010?

 

A.  Yes, the video
portion of it is.  Apparently, the audio may not be.

 

Q.  Actually, we
might—I think the audio is too.

 

A.  Okay.

 

Q.  Are you able to
recognize—Are you able to identify the voices on the video?

 

A.  I’m going to say
yes.  But, again, I’m—I’m a little confused here because I was told that the
VCR that we viewed it on did not play the audio like is really on here.  And I
didn’t have a chance to review it with the audio playing through it.

 

          . . . .

 

[PROSECUTION]:  Your
Honor, at this time, State moves to admit State’s Exhibit 1 . . . for all
purposes and 1A for demonstrative purposes—after tendering to Defense Counsel.

 

[DEFENSE]:  Subject to the Court’s
previous pretrial rulings, Your Honor, no objections. 

Following
this interaction, the trial court admitted State’s Exhibit 1 into evidence.  The
State later offered State’s Exhibit 3, and the defense stated, “Outside of the
Court’s previous pretrial rulings, Your Honor, no objection.”  The previous
pretrial rulings to which defense counsel was referring was the suppression of
the audio of the portions of the videotapes in which the defendant’s prior DWI
arrest was referenced, in which the officer described Hightower to another
officer, and in which Hightower received Miranda warnings.

Hightower’s
only complaints at trial regarding State’s Exhibits 1 and 3 were that certain
audio portions of the videotape should be suppressed, which the trial court granted.
 Hightower’s authentication complaint on appeal does not comport with his complaint
at trial, see Clark, 365 S.W.3d at 339; he never objected on
authentication grounds at trial and thus, as the State contends, has not
preserved this complaint for appeal, see Tex. R. App. P. 33.1(a)(1); Lovill,
319 S.W.3d at 691–92.  As a result, we must overrule his first point. 

V.  Comment on Failure to Testify

In
his second point, Hightower argues that the State improperly commented on his
failure to testify during its closing argument.

The
Texas Code of Criminal Procedure provides that a defendant’s failure to testify
on his own behalf may not be held against him and that counsel may not allude
to the defendant’s failure to testify.  Tex. Code Crim. Proc. Ann. art. 38.08
(West 2005).  Absent an objection to jury argument at trial, nothing is
presented for review.  Threadgill v. State, 146 S.W.3d 654, 667 (Tex.
Crim. App. 2004); Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App.
1996), cert. denied, 520 U.S. 1173 (1997).  The objection must be timely
and specific, and the defendant must pursue the objection to an adverse
ruling.  Mathis v. State, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002); Cockrell,
933 S.W.2d at 89; Carter v. State, 614 S.W.2d 821, 823 (Tex. Crim. App.
1981); see also Tex. R. App. P. 33.1(a)(1).

In
the State’s closing argument in this case, the prosecutor argued,

But what he doesn’t say in here is
that he can’t walk.  And what you see on that videotape – and the Defense even
said it, right?  They said he walks just fine.  They can’t have it both ways. 
Either he walks just fine on there, in which case there’s no ankle injury . .
.  He wants to say, hey, I may have looked drunk out there, but it’s really
something else.  It’s really an ankle.” 

Hightower
argues on appeal that this argument by the State constituted a comment on his
failure to testify and thus improperly denied his right against
self-incrimination, but defense counsel did not assert any objection to the
State’s closing argument.  Thus, Hightower did not preserve this complaint for
our review.  See Tex. R. App. P. 33.1(a)(1); Lovill, 319 S.W.3d
at 691–92; Cockrell, 933 S.W.2d at 89.  We overrule his second point.

VI.  Conclusion

Having
overruled Hightower’s two points, we affirm the trial court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER, MCCOY, and GABRIEL, JJ. 

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 4, 2013









[1]See Tex. R. App. P. 47.4.