

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00836-CR

Luis **GUDINO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR8499
Honorable Ron Rangel, Judge Presiding

Opinion by:   Rebeca C. Martinez, Justice

Sitting:   Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  February 11, 2015

AFFIRMED

Luis Gudino was convicted by a jury of four counts of aggravated sexual assault of a child

and was sentenced to twenty-five years' imprisonment.  On appeal, Gudino complains of error in

the jury charge and that the trial court erred in excluding testimony from the complainant about

her reputation for truthfulness.  We affirm the trial court's judgment.

## BACKGROUND

Gudino was charged with four counts of aggravated assault alleging that he penetrated the

female sexual organ of the complainant, A.G., with his male sexual organ on the following dates:

(1) on or about the 10th day of December, 2006; (2) on or about the 10th day of December, 2007; (3) on or about the 10th day of December, 2008; and (4) on or about the 10th day of April, 2009. After four days of testimony, the jury convicted Gudino on all four counts, and Gudino appeals.

### QUESTIONING OF A.G. ON REPUTATION FOR TRUTHFULNESS

In his second issue on appeal, Gudino contends the trial court erred in denying him the opportunity to elicit testimony from A.G. regarding her own reputation for truthfulness or untruthfulness in the community. Gudino contends the testimony was admissible under Texas Rules of Evidence 404, 607, 608, and 609. The State responds that the trial court sustained the prosecutor's objections that defense counsel had failed to establish that A.G. was familiar with her own reputation and that the question was repetitive; however, the trial court permitted defense counsel to rephrase. A trial court's ruling on the admissibility of evidence is reviewed under an abuse of discretion standard. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

The following is the excerpt of the testimony containing the objection Gudino cites in his brief and contends the trial court improperly sustained:

> Q.      Do you have an opinion or do you know your reputation for truthfulness in the community?
> [Prosecutor]:  Judge, I'm not sure how a witness is supposed to know her own reputation. I think it's an improper question.
> [Defense counsel]:  What is your opinion of your reputation?
> [Prosecutor]:  And it is repetitive.
> THE COURT:  Yeah. I'll sustain that and I'll let you rephrase.
> Q.      What is your opinion of your reputation up till the time of June 2nd, 2009?
> A.      I do not understand what you're trying to say.
> [Prosecutor]:  Judge –
> Q.      I'm sorry?
> A.      I do not understand what you're trying to say.
> Q.      Up till 2009, you first said that you were an honest person, and I understand that you've changed that answer now under oath. Am I hearing that correctly?
> A.      I do not —
> Q.      I'm sorry?
> A.      I don't understand.

> Q. Let's do it this way. During these four years or three years — what is it, 2006, 2007, 2009, 2009, how many lies do you recall telling to people?
> A. I do not know.
> Q. You do, however, admit that you told lies to people during that period of time; isn't that correct?
> A. Yes.

Having reviewed the relevant portion of the record, the record does not establish that the trial court excluded the testimony as inadmissible under Rule 404, 607, 608, or 609. Moreover, the record does not reflect that defense counsel argued that the response to the question to which the objection was made would be admissible under those rules. *See Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009) (noting "complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial"). Furthermore, the record does not reflect that the trial court denied Gudino the opportunity to elicit testimony from A.G. regarding her own reputation for truthfulness or untruthfulness in the community. The trial court simply instructed defense counsel to rephrase. Defense counsel then elected the manner in which he chose to rephrase the question in an effort to elicit testimony regarding A.G.'s opinion. Therefore, assuming Gudino preserved his second issue for this court's review, the trial court's ruling was not an abuse of discretion. Gudino's second issue is overruled.

## JURY CHARGE

In his first and third issues, Gudino contends the trial court erred in the submission of the jury charge. Gudino first contends the jury charge authorized a non-unanimous verdict as to the particular incidents of criminal conduct that comprised the charged offenses. Gudino also contends the trial court erred in failing to include a § 8.07(b) instruction in the jury charge. Acknowledging that no objection was made with regard to either of these alleged errors, Gudino further contends that the error resulted in egregious harm.

A.    Standard of Review

"The purpose of the jury charge is to inform the jury of the applicable law and guide them in its application to the case." *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996).  In reviewing alleged jury charge error, an appellate court must first determine whether error exists in the charge. *Id*.  If error exists, the appellate court must then determine whether sufficient harm was caused by the error to require reversal. *Id*. at 170-71.  When the record contains no objection to the charge error, the appellant must show "egregious harm" to be entitled to a reversal. *Id*. at 171.

Egregious harm is a difficult standard to prove. *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011).  To be entitled to a reversal under an egregious harm standard, the record must establish that the error was egregious and created such harm that the trial was not fair and impartial. *Cosio v. State*, 353 S.W.3d 766, 776-77 (Tex. Crim. App. 2011).  In determining whether an appellant was deprived of a fair and impartial trial, we consider: (1) the entire jury charge; (2) the state of the evidence, including the contested issues and weight of probative evidence; (3) the argument of counsel; and (4) any other relevant information revealed by the record of the trial as a whole. *Taylor*, 332 S.W.3d at 489.

B.    Jury Unanimity

Gudino first contends that the jury charge did not require the jury to unanimously find which incident of criminal conduct satisfied each of the charged offenses.  As previously noted, Gudino was charged with four counts of aggravated sexual assault alleging that he penetrated A.G.'s female sexual organ with his male sexual organ on or about four separate dates.  At trial, A.G. testified that the first incident occurred when she was nine years old, and Gudino engaged in the same sexual act one or two times a week until May of 2009, when a long-time family friend discovered Gudino hiding in a closet.  A.G. testified that Gudino had been attempting to engage in

the same sexual act before hiding in the closet, and a partially opened condom was found in the room. A.G.'s brother, Ramiro, called the police after A.G. told Ramiro's girlfriend about the sexual misconduct.

The jury charge instructed the jury to find Gudino guilty if it found that he had penetrated A.G.'s female sexual organ with his male sexual organ on or about each of the four specified dates. The jury charge also stated, "'On or about' means that the law does not require the State to prove the exact date the alleged offense was committed. You are instructed that the time of the alleged offense must be some date anterior to the presentment of the indictment. The indictment in this case was presented on August 25, 2010."

"Texas law requires that a jury reach a unanimous verdict about the specific crime that the defendant committed. This means that the jury must 'agree upon a single and discrete incident that would constitute the commission of the offense alleged.'" *Cosio*, 353 S.W.3d at 771 (quoting *Stuhler v. State*, 218 S.W.3d 706, 717 (Tex. Crim. App. 2007)). Non-unanimity may result "when the State charges one offense and presents evidence that the defendant committed the charged offense on multiple but separate occasions." *Id*. at 772. "Each of the multiple incidents individually establishes a different offense or unit of prosecution." *Id*. "The judge's charge, to ensure unanimity, would need to instruct the jury that its verdict must be unanimous as to a single offense or unit of prosecution among those presented." *Id*.

Gudino relies heavily on the analysis of the Texas Court of Criminal Appeals in *Cosio*. Although the charges in the two cases are similar, the evidence presented in the two cases is very different. In *Cosio*, the complainant testified about four specific instances of sexual misconduct which the court labeled as the shower incident, the bedroom incident, the Burger King incident, and the pornography incident. 353 S.W.3d at 769. Given this specific testimony, the court held that the jury charge "allowed for the possibility that the jury rendered non-unanimous verdicts,"

asserting, "The jury could have relied on separate incidents of criminal conduct, which constituted different offenses or separate units of prosecution, committed by Cosio to find him guilty in the three remaining counts." *Id*. at 774.

Unlike *Cosio*, A.G. did not provide a detailed description of four separate incidents. Instead, she provided a detailed description of the first incident when Gudino took her to the back yard of his house during a sleepover A.G. was having with Gudino's sisters when she was nine years old. A.G. stated that Gudino had sexual intercourse with her by placing his penis in her vagina. A.G. then generally testified that Gudino engaged in the same sexual act when she was ten and eleven at various locations in his house and in her house. A.G. testified that the sexual intercourse occurred once or twice a week or every other day. A.G. stated that the sexual acts occurred more often as she got older.

Because A.G. did not detail four specific incidents of sexual misconduct, the record does not clearly support the possibility that the jury rendered non-unanimous verdicts like it did in *Cosio*, where the jury was presented with separate incidents of criminal misconduct on which the jury could rely. Even if we did conclude that the charge contained error, however, we hold the record does not support a finding of egregious harm. As previously noted, we determine whether the charge resulted in egregious harm by considering: (1) the entire jury charge; (2) the state of the evidence, including the contested issues and weight of probative evidence; (3) the argument of counsel; and (4) any other relevant information revealed by the record of the trial as a whole. *Taylor*, 332 S.W.3d at 489. The presence of overwhelming evidence of guilt may be considered when assessing jury-charge error. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012).

First, we note the State never argued that the jury did not have to be unanimous about its verdict. Moreover, although A.G.'s testimony generally described the numerous times Gudino assaulted her, she consistently testified that incidents occurred when she was nine, ten, and eleven,

corresponding to the dates set forth in the indictment and the jury charge. A.G.'s testimony was consistent with the statement she gave to police and the statements she gave during her examination by a sexual assault nurse examiner. A.G.'s physical examination was abnormal and showed evidence of penetrative trauma, and A.G. also tested positive for chlamydia, a sexually transmitted disease. Finally, A.G. testified about a bump Gudino had on his penis, which was consistent with an implant described by Gudino's girlfriend. A.G.'s testimony was not directly impeached. Instead, similar to the evidence in *Cosio*, Gudino's defense was that he did not commit any of the offenses and that reasonable doubt existed as to the charges because A.G. was not credible, and that he could not have engaged in the acts once or twice a week during the summer of 2007 when he was living in Florida or during the six or seven months he was incarcerated in 2008. Similar to *Cosio*, "[t]he jury was not persuaded that [Gudino] did not commit the offenses or that there was any reasonable doubt. Had the jury believed otherwise, they would have acquitted [Gudino] on all counts." Instead, it is logical that the jury unanimously found A.G's testimony to be credible and that Gudino had engaged in the same sexual act on or about the dates in each of the four years preceding the date in which he was caught hiding in a closet after again attempting to engage in the same sexual act. Having reviewed the record as a whole, we cannot say that Gudino was deprived of a fair and impartial trial such that egregious harm was shown. Accordingly, Gudino's first issue is overruled.

C.      § 8.07(b) Instruction

Section 8.07(b) of the Texas Penal Code generally prohibits a person from being prosecuted for or convicted of any offense committed before reaching 17 years of age unless the juvenile court has waived jurisdiction. TEX. PENAL CODE ANN. § 8.07(b) (West Supp. 2014). In his third issue, Gudino contends the trial court erred in failing to include an 8.07(b) instruction in the jury charge because the State elicited testimony that he was born in 1989, which would make

him sixteen during the portion of 2006 preceding his birth date. Gudino's brief notes that a police detective testified that Gudino was nineteen when the paperwork on the case was completed in late May of 2009, "meaning that as of late May of 2006, [Gudino] had yet to turn 17."

If an 8.07(b) instruction was the law applicable to this case, the trial judge was *sua sponte* required to include the instruction in the jury charge. *Taylor*, 332 S.W.3d at 486. Section 8.07(b) becomes law applicable to the case only if some evidence exists to support a rational inference that Gudino was less than seventeen when one of the charged offenses occurred. *See Shaw v. State*, 243 S.W.3d 647, 657-58 (Tex. Crim. App. 2007). In deciding whether to include the section 8.07(b) instruction, the trial court was entitled to "rely on its own judgment, formed in the light of its own common sense and experience, as to the limits of rational inference from the facts proven." *Id*. Similar to a jury, a trial court is not permitted to reach a conclusion "based on mere speculation or factually unsupported inferences." *See Hooper v. State*, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007).

The only incident Gudino was charged with committing in 2006 was the aggravated sexual assault that occurred on or about December 10, 2006. This date in the indictment and charge is tied to A.G.'s testimony that the first incident occurred when she was nine. Because the evidence established that A.G.'s birthdate was December 7, 1987, A.G. turned nine on December 7, 2006. No evidence was presented, however, to establish Gudino's birth date or to show that he was under seventeen when the first alleged incident occurred.[1] Thus, the evidence presented would require the trial court to speculate as to whether Gudino was under the age of seventeen on the date of the first charged offense. Accordingly, because the record contains no evidence to support a rational inference that Gudino was under the age of seventeen when A.G. was nine, the record did not

---

[1] Although Gudino relies heavily on the Texas Court of Criminal Appeals decision in *Taylor*, the record in that case contained evidence of the date on which Taylor turned seventeen. 332 S.W.3d at 485 n.2.

establish that section 8.07(b) was law applicable to the case; therefore, the absence of an 8.07(b) instruction in the jury charge was not error. Gudino's third issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Rebeca C. Martinez, Justice

DO NOT PUBLISH