Affirmed and Opinion Filed April 17, 2015



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00941-CR

**ROLANDO GUZMAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

### On Appeal from the 401st Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 401-80883-2013

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

A jury convicted Rolando Guzman of possession of four grams or more but less than 200 grams of cocaine and assessed punishment at eight years in prison. In two issues, appellant argues the trial court erred by failing to suppress evidence of the cocaine and by denying his request for a jury instruction under article 38.23 of the Texas Code of Criminal Procedure. We affirm.

McKinney police officers responded to a call of an assault in progress in the parking lot of a Waffle House. The caller indicated a male was hitting a female in a black Chevrolet truck. At trial, Sgt. John Woodruff testified that when he arrived at the scene, he saw a black pickup occupied by appellant and a woman. Appellant was leaning over towards the female, who was wearing only a bra and pants, but no shirt. Woodruff had appellant get out of the truck and

placed him in handcuffs while he assessed the situation. The woman looked like she had been crying and was "visibly upset." Woodruff noticed a small red mark on her neck. After talking to the woman, he then talked to people inside the Waffle House and, based on what he saw and the conversations he had, decided to arrest appellant for assault family violence. A second officer patted down appellant and found a shopping bag wadded up in his pocket. Before Woodruff could testify about what was found in the bag, appellant objected to lack of probable cause for the arrest. At that point, a hearing was conducted outside the jury's presence.

During this hearing, Woodruff testified the woman told him she and appellant had been in an "altercation" but denied it was physical. She explained the altercation was over money appellant had given her for clothes, so she ripped her shirt off and gave it to appellant. After speaking to the woman, Woodruff went into the Waffle House and spoke to a waitress and a couple of other people, who said they saw appellant hit the woman and hold her up against the door. The waitress, Mary Pierce, said she saw the incident when she stepped outside to smoke a cigarette. Pierce told Woodruff appellant was holding the woman up against the interior of the truck and the woman appeared to be trying to get out. Pierce saw an "arm swinging" but did not say whose arm.

Woodruff believed the red mark on the woman's neck was consistent with being held up against the door and assumed it was made by a finger or hand. He said the mark was about three-quarters of an inch in length and was "obviously fresh," but it was not visible enough to be picked up by a camera. Woodruff said the woman gave a nonsensical explanation for the mark on her neck. In addition to the red mark, Woodruff also noticed she was missing an earring.

At the conclusion of Woodruff's testimony, the trial court asked appellant's counsel why he believed there was no probable cause for arrest. Counsel replied that for a Class C assault arrest, there needed to be facts to show that offensive or provocative contact occurred. He

argued there were no "specific articulable facts that [the woman] found the contact was offensive or provocative." He also challenged Pierce's credibility, questioning how she could have seen what she reported given that it was nighttime. Woodruff then testified that the parking lot was well lit and during his investigation, he could see inside the truck from both inside and outside the restaurant. The trial court ruled the officer had probable cause to arrest and overruled appellant's objection. Thereafter, the jury returned to the courtroom, and the State adduced evidence that the bag found in appellant's pocket contained thirteen small Ziploc jewelry bags of cocaine, weighing 4.38 grams. The jury also heard much of the same evidence that was adduced in the hearing.

In his first issue, appellant asserts the trial court reversibly erred in failing to suppress evidence of the cocaine. He asserts the officer did not have probable cause to arrest him and thus the search of his person and the seizure of the cocaine were illegal.

In Texas, a police officer may arrest an individual without a warrant only if probable cause exists with respect to the individual in question and the arrest falls within one of the exceptions set out in the code of criminal procedure. *See Torres v. State*, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005); *see also* TEX. CODE CRIM. PROC. ANN. art.14.01–.04 (West 2005 & Supp. 2014). A peace officer may arrest someone without a warrant under article 14.03(a)(4) if he has probable cause to believe that person committed "an offense involving family violence[.]" TEX. CODE CRIM. PROC. ANN. art. 14.03(a)(4). Probable cause for a warrantless arrest exists when facts and circumstances within the officer's knowledge and about which he or she has reasonable trustworthy information are sufficient to warrant a person of reasonable caution to believe that an offense was or is being committed. *Torres*, 182 S.W.3d at 901. As relevant here, an assault occurs when a person intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as

offensive or provocative. TEX. PENAL CODE ANN. § 22.01(a)(3) (West Supp. 2014). The offense is a Class C misdemeanor. *Id*. § 22.01(c)

Appellant argues he was arrested for family violence assault, but the record does not show a "family" relationship as defined in chapter 71 of the Texas Family Code. He contends that without evidence the woman and appellant were married, were family members, or were dating each other, the facts fail to establish probable cause. He also asserts the State failed to show that he was not acting defensively to protect himself.[1] The State counters that appellant has not preserved this issue for review because his complaints on appeal do not comport with his objection below. We agree with the State.

To preserve a complaint for review, the record must show that a specific and timely complaint was made to the trial judge and the trial judge ruled on the complaint. *Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009); *see* TEX. R. APP. P. 33.1(a). The complaining party must have informed the trial judge what was wanted and why the party was entitled to it. *Lovill*, 319 S.W.3d at 691. The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him an opportunity to rule on it; and (2) to give opposing counsel the opportunity to respond to the complaint. *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). A complaint is not preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial. *Lovill*, 319 S.W.3d at 692.

Here, appellant complains there was no probable cause for his arrest because the officer failed to establish a "family" relationship between appellant and the woman or that he was not acting defensively to protect himself. In the trial court, appellant argued the evidence did not

---

[1] Under chapter 71 of the family code, "dating violence" excludes defensive measures to protect oneself. TEX. FAM. CODE ANN. § 71.0021 (West 2014).

show offensive or provocative contact. Because appellant's complaint at trial does not comport with his complaints on appeal, we conclude he has presented nothing for review. We overrule the first issue.

In his second issue, appellant asserts the trial court erred in failing to instruct the jury under article 38.23 of the code of criminal procedure concerning the officer's probable cause to arrest him.

Article 38.23 prohibits the admission of illegally-obtained evidence and requires that, in any case where a fact issue is raised about whether evidence was obtained in violation of the Constitution or laws, "the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained." TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005).

To be entitled to such an instruction, the defendant must show that (1) an issue of historical fact was raised in front of the jury; (2) the fact was contested by affirmative evidence at trial; and (3) the fact is material to the constitutional or statutory violation that the defendant has identified as rendering the particular evidence as inadmissible. *Robinson v. State*, 377 S.W.3d 712, 719 (Tex. Crim. App. 2012). The evidence must raise a *factual* dispute about how the evidence was obtained. *Id.* Where the issue raised by the evidence at trial does not involve controverted historical facts, but only the proper application of the law to undisputed facts, that issue is properly left to the determination of the trial court. *Id*.

Here, appellant has not identified any disputed historical fact for the jury to determine; rather, he generally refers us to "all the explanations about the inadequacy of the facts adduced by the arresting officer before arresting [him] for family violence that are stated in [his first issue]." But, whether the particular facts were adequate to give rise to probable cause is a legal

determination for the trial court, not the jury. *See id*. We conclude appellant has not shown he was entitled to an article 38.23 instruction. We overrule the second issue.

We affirm the trial court's judgment.


Do Not Publish
TEX. R. APP. P. 47.2(b)
140941F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROLANDO GUZMAN, Appellant

No. 05-14-00941-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas
Trial Court Cause No. 401-80883-2013.
Opinion delivered by Justice Francis; Justices Lang-Miers and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of April, 2015.