PD-1662-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/22/2015 10:32:26 AM
Accepted 12/22/2015 10:40:57 AM
ABEL ACOSTA
CLERK

PDR NO. _____

COURT APPEAL NO. **02-14-00377-CR**

IN THE TEXAS
COURT OF CRIMINAL APPEAL
AT AUSTIN, TEXAS

**RAFAEL RODRIGUEZ**
Petitioner

VS.

**THE STATE OF TEXAS**
Respondent

FILED IN
COURT OF CRIMINAL APPEALS

December 22, 2015

ABEL ACOSTA, CLERK

_____

PETITION FOR DISCRETIONARY REVIEW
OF THE OPINION OF THE
SECOND COURT OF APPEALS OF
THE STATE OF TEXAS

_____

BLAKE R. BURNS
115 North Henderson Street
Fort Worth, Texas 76102-1940
(817) 870-1544 FAX 870-1589
State Bar No. 24066989

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

**COMES NOW, RAFAEL RODRIGUEZ**, Petitioner and files this her

Petition for Discretionary Review of the decision of the Second Court of Appeals.

i

## LIST OF INTERESTED PARTIES

**JUDGES:**
The Honorable Judge Louis Sterns
District Court No. 213 of Tarrant County, Texas

**TRIAL COUNSEL:**

The Honorable Kasey Fickes, Counsel for the State
Tarrant County Criminal District Attorney's Office
401 W. Belknap St.
Fort Worth, Texas 76196

The Honorable Eloy Sepulveda, Trial Counsel for Appellant
603 E. Belknap St.
Fort Worth, Texas 76102

**APPELLATE COUNSEL:**

Blake R. Burns, Appellate Counsel for Petitioner
115 North Henderson Street
Fort Worth, Texas 76102

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner requests oral argument.

# TABLE OF CONTENTS

LIST OF INTERESTED PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF CASES AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . .iv

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINTS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REASON FOR REVIEW NUMBER ONE. . . . . . . . . . . . . . . . . . . . . . . . . . .2

        THE COURT OF APPEALS DECISION DEPARTED
SO FAR FROM ACCEPTED AND USUAL COURSE OF
JUDICIAL PROCEEDINGS, OR SANCTIONED
SUCH DEPARTURE BY THE LOWER COURT, AS TO
CALL FOR THE EXERCISE OF THE COURT OF
CRIMINAL APPEALS' POWER OF SUPERVISION
WHEN IT HELD THAT APPELLANT ACCUSATIONS
OF ILLEGAL SEXUAL CONTACT MADE BY THE ALLEGED
WHICH SHE LATER RECANTED, DID NOT RENDER
THEM FALSE.

REASON FOR REVIEW NUMBER TWO. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        THE COURT OF APPEALS DECISION DEPARTED
SO FAR FROM ACCEPTED AND USUAL COURSE OF
JUDICIAL PROCEEDINGS, OR SANCTIONED
SUCH DEPARTURE BY THE LOWER COURT, AS TO
CALL FOR THE EXERCISE OF THE COURT OF
CRIMINAL APPEALS' POWER OF SUPERVISION
WHEN IT HELD THAT THE OFFENSE OF INDECENCY
WITH A CHILD BY TOUCHING OF THE VAGINA

IS NOT SUBSUMED WITHIN THE OFFENSE OF
SEXUAL ASSAULT OF A CHILD ALLEGED TO
HAVE OCCURRED ON THE SAME DATE.

CONCLUSION AND PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

# TABLE OF CASES AND AUTHORITIES

**Cases:**                                                                                          **Page**

*Hughes v. State,* 850 S.W.2d 260 (Tex. App.—Fort Worth 1993, pet. ref'd)) . . . . 2

Tex.Cod.Crim.Pro Art. 37.07(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Texas Constitution, Article 1, Section 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States Constitution. Fifth Amendment. . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States Constitution. Fourteenth Amendments . . . . . . . . . . . . . . . . . . . . . . 5

## STATEMENT OF THE CASE

Appellant, Rafael Rodriguez, was the defendant in the present case. Appellant was indicted for Aggravated Sexual Assault of a Child in count one of the indictment and two counts of Indecency with a Child in counts two and three on April 15, 2013. (C.R. p. 7).

On August 25, 2014, Appellant entered a plea of "not guilty" to all counts and the trial court proceeded with a jury trial. (C.R. p. 10). After a trial, Appellant was found guilty all three counts. (R.R. Vol. 6, p. 33). Appellant received a sentence of 13 years confinement in TDC on count one, four years on count two, and and five years on count three to be served concurrently. (C.R. p. 167); (C.R. p. 170); (C.R. p. 173).

## PROCEDURAL HISTORY

On November 25, 2015, the Second Court of Appeals affirmed the judgment of the trial court. *Rodriguez v. State*, 02-14-00377. Appellant did not file a motion for rehearing.

<u>REASONS FOR REVIEW</u>

**REASON FOR REVIEW NUMBER ONE**.   THE COURT OF APPEALS DECISION DEPARTED SO FAR FROM ACCEPTED AND USUAL COURSE OF JUDICIAL PROCEEDINGS, OR SANCTIONED SUCH DEPARTURE BY THE LOWER COURT, AS TO CALL FOR THE EXERCISE OF THE COURT OF CRIMINAL APPEALS' POWER OF SUPERVISION WHEN IT HELD THAT APPELLANT ACCUSATIONS OF ILLEGAL SEXUAL CONTACT MADE BY THE ALLEGED WHICH SHE LATER RECANTED, DID NOT RENDER THEM FALSE.

**THE OPINION**

The Second Court of Appeals affirmed the trial court's judgment, holding that the outcry made against a third party was inadmissible at trial because it had not been proven false. Opinion, p. 8.

**<u>REASON TO GRANT REVIEW</u>**

Evidence that a child has accused someone other than the defendant of sexual abuse is not relevant or admissible absent evidence that such accusations were false. *Hughes v. State*, 850 S.W.2d 260, 262–63 (Tex. App.—Fort Worth 1993, *pet. ref'd*).

At trial, Petitioner was allowed to question the mother of the complainant

2

about the false allegations outside the presence of the jury as part of a bill of exception. The mother testified that complainant originally made allegations of sexual abuse against J.G., a former boyfriend of the mother, but that complainant was not sure if the sexual abuse from J.G. had happened or if it was a dream. Mother further testified that complainant also made allegations of sexual abuse against her current husband, O.G., but said the complainant soon realized after awakening that the touching did not happen.

The Second Court of Appeals held that when an allegation is made by a complainant, then later the same complainant admits the conduct alleged did not in fact occur, the allegation is not false. If the conduct alleged did not occur, then the allegation was not true. An allegation that is not true, is false. The Second Court of Appeals has redefined the phrase "not true" to mean "false, unless a witness can provide a spurious excuse for what would otherwise be considered a falsehood."

Had Petitioner been allowed to cross examine witnesses in front of a jury about other false accusations the complainant had made, it would have likely resulted in his acquittal due to the "he said, she said," nature of the State's evidence. The only defense available to the Petitioner was an attack on the complainant's credibility which he was unlawfully prohibited from pursuing.

**REASON FOR REVIEW NUMBER TWO**. THE COURT OF APPEALS DECISION DEPARTED SO FAR FROM ACCEPTED AND USUAL COURSE OF JUDICIAL PROCEEDINGS, OR SANCTIONED SUCH DEPARTURE BY THE LOWER COURT, AS TO CALL FOR THE EXERCISE OF THE COURT OF CRIMINAL APPEALS' POWER OF SUPERVISION WHEN IT HELD THAT THE OFFENSE OF INDECENCY WITH A CHILD BY TOUCHING OF THE VAGINA IS NOT SUBSUMED WITHIN THE OFFENSE OF SEXUAL ASSAULT OF A CHILD ALLEGED TO HAVE OCCURRED ON THE SAME DATE.

**THE OPINION**

The Second Court of Appeals affirmed the trial court's judgment, holding that the act of touching the complainant's vagina is not necessarily subsumed within the offense of penetrating the complainant's vagina with a penis. Opinion, p. 4.

The Court reasoned that there was evidence presented that, if believed, suggested the contact occurred on many occasions. It held that even though these allegations all involved conducted alleged to have occurred on January 1, 2005, that did not preclude the jury from convicting Petitioner for conduct occurring on other occasions because the "on or about" language of an indictment allows the State to prove any date within the statute of limitations. Opinion, p. 4.

## **REASON TO GRANT REVIEW**

The reasoning given by the Court of Appeals permits future defendants to be convicted on less than a unanimous verdict. If the charging instrument contains consolidated offenses, the jury shall be instructed to return a finding of guilty or not guilty in a separate verdict as to each count and offenses submitted to them. Tex.Cod.Crim.Pro Art. 37.07(c).

All criminal defendants are entitled to notice under Article 1, Section 10 of the Texas Constitution, and the Fifth and Fourteenth Amendments of the United States Constitution.

The fact that no separate jury instructions were given suggests the State was attempting to prove facts relating to the January 1, 2005 incident. It is anatomically unfeasible to penetrate a vagina without touching it in the course of one event, therefore touching a vagina should be considered subsumed within the act of penetrating a vagina. Permitting conviction because the jury may have thought a defendant committed multiple acts on dates not alleged in the indictment is a violation of defendants' right to notice and a unanimous verdict.

## CONCLUSION AND PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Petitioner prays this Honorable Court to grant this petition for discretionary review and after a full review hereon that the Court enter an order setting aside the conviction and to remand the case for a new trial so that Petitioner may present his defense to the jury, for the indecency charge to be barred by Double Jeopardy if a sexual assault conviction is sought for the same alleged transaction, and for such other and further relief to which he may be justly entitled.

Respectfully submitted,

_/s/_____
BLAKE R. BURNS
115 North Henderson St.
Fort Worth, Texas 76102
(817) 870-1544 FAX 870-1589
State Bar No. 24066989
bburnslaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Petition For Discretionary Review was mailed postage prepaid to the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711, and to Charles "Chuck" Mallin, with the Appellate Section of the Tarrant County District Attorney's Office, 4th Floor, 401 W. Weatherford Street, Fort Worth, Texas 87196 on this the 21st day of December, 2015.

__/s/_____
**BLAKE R. BURNS**
bburnslaw@gmail.com

## CERTIFICATE OF COMPLIANCE

I hereby certify this document contains 2135 words.

__/s/_____
**BLAKE R. BURNS**
bburnslaw@gmail.com

## APPENDIX

Rafael Rodriguez v. State, 02-14-00377-CR, Memorandum Opinion . . . . . . . . . . . 9



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00377-CR

RAFAEL RODRIGUEZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1313858D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Rafael Rodriguez of one count of aggravated sexual assault of a child (Count 1) and two counts of indecency with a child by contact (Counts 2 and 3) and assessed his punishment at thirteen years' confinement for Count 1, four years' confinement for Count 2, and five years' confinement for Count 3. The trial court sentenced Appellant accordingly,

---

[1]*See* Tex. R. App. P. 47.4.

ordering that the three sentences be served concurrently. In three issues, Appellant contends that his conviction for indecency by contact under Count 3 violates the Double Jeopardy Clause and that the trial court reversibly erred by preventing defense counsel from cross-examining witnesses regarding the complainant's prior allegations against third parties and by allowing multiple outcry witnesses to testify. Because we hold that no violation of the Double Jeopardy Clause is clearly apparent from the face of the record regarding Appellant's conviction for indecency by contact under Count 3 and that the trial court did not reversibly err, we affirm the trial court's judgment.

**Brief Facts**

The complainant reported that she had been sexually abused several years earlier by her grandmother's former live-in boyfriend, Appellant, known to the complainant as Rafa, repeatedly and over a long period of time. Evidence showed that sexual contact and penetration occurred multiple times and in various ways. The complainant testified that Appellant touched her breasts under her shirt. He also touched her "private part," meaning where she "go[es] pee," with his hand. Finally, he touched her "private part" with his "private part" that he used "[t]o go pee." The sexual abuse occurred during fifteen to twenty sleepovers the complainant had with her grandmother.

The complainant also reported that her mother's (Mother's) ex-boyfriend had likewise sexually abused her. After the complainant reported the sexual abuse of Appellant and Mother's ex-boyfriend, she dreamed that Mother's current

2

husband had also touched her inappropriately but realized upon awakening that the touching had been only in her dream.

The three live counts of the indictment charged Appellant with causing the complainant's female sexual organ to contact his male sexual organ, engaging in sexual contact by touching her breast, and engaging in contact by touching her female sexual organ.

## No Double Jeopardy

In his third issue, Appellant contends that his conviction under count three for indecency by contact violates the Double Jeopardy Clause because of his conviction under Count 1 for aggravated sexual assault of a child. Appellant did not raise this issue at trial. Any double jeopardy violation must therefore be "clearly apparent from the face of the record," and enforcement of the usual forfeiture rules must "serve[] no legitimate state interest."[2] That a jury verdict "*could* have relied on a theory that would violate the Double Jeopardy Clause" does not amount to error on the face of the record.[3] Appellant argues that a "conviction for a completed sexual assault bars conviction for conduct that is demonstrably part of the commission of th[e] offense."[4] He contends that the

---

[2]*Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006) (citation and internal quotation marks omitted).

[3]*Id.*

[4]*Barnes v. State*, 165 S.W.3d 75, 89 (Tex. App.—Austin 2005, no pet.).

3

sexual contact of touching the complainant's female sexual organ that is alleged in Count 3 is necessarily subsumed by the conduct of intentionally or knowingly causing the complainant's female sexual organ to contact his sexual organ that is alleged in Count 1, relying in part on the fact that both counts were alleged to have occurred on or about January 1, 2005. But Appellant ignores the evidence that his sexual misconduct against the complainant, including both penile and digital contact, occurred on many occasions as well as the law that provides that the "on or about" language of an indictment allows the State to prove any date within the statute of limitations, as long as it is anterior to the presentment of the indictment.[5] Because there is evidence from which the jury could conclude that Appellant touched the complainant's female sexual organ with his penis but also touched her female sexual organ on a separate occasion with his finger or hand, error is not clearly apparent from the face of the record.[6] We therefore hold that Appellant has forfeited his double jeopardy complaint,[7] and we overrule his third issue.

---

[5]*See Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); *Sikes v. State*, No. 02-10-00029-CR, 2011 WL 4711998, at *4 (Tex. App.—Fort Worth Oct. 6, 2011, pet. ref'd) (mem. op., not designated for publication).

[6]*See Sikes*, 2011 WL 4711998, at *4.

[7]*See id.*

4

**Confrontation of Complainant**

In his first issue, Appellant contends that the trial court erred by preventing defense counsel from cross-examining witnesses about the complainant's prior, allegedly false allegations, violating his constitutional right of confrontation. Appellant sought to question the complainant or other witnesses about "a previous outcry that turned out to be false." In a hearing outside the jury's presence, defense counsel stated,

> It—it's my information that this child had a dream previously—early and that—of a sexual assault taking place against her. And after waking up, she told someone about it, and then she realized it was impossible because she was in another city altogether. I would submit that it is an outcry of a sexual assault that is false.

| | |
|---|---|
| THE COURT: | Okay. I mean, she didn't make an allegation to someone, did she? She had a dream? |
| [DEFENSE COUNSEL]: | Yes. Yes. There is . . . an allegation that was made against another family member of this family. |
| THE COURT: | Okay. Wait a minute. I thought you—okay. Let me make sure I'm clear what you're saying. |
| [DEFENSE COUNSEL]: | Sure. |
| THE COURT: | I thought you just said that she had a dream,— |
| [DEFENSE COUNSEL]: | Yes. |
| THE COURT: | —and then she awakened and realized it was a dream, and therefore, she realized that it didn't happen. Is that— |
| [DEFENSE COUNSEL]: | Well, no. |

5

THE COURT: —what you just said?

[DEFENSE COUNSEL]: I—I'm—I'm not sure of the process, but it— she told someone about it and said, "This happened to me."

THE COURT: Okay.

[DEFENSE COUNSEL]: And they—they told her, "No, it was a dream because that person's not here." We're—I think it happened in—in another city. And the alleged victim—the alleged defendant was somewhere else. After they explained that to her, she realized, "Okay, yes, I agree, it must have been a dream."

The trial court sustained an objection by the State and ruled that Appellant could put on a bill of exceptions after the complainant's testimony before the jury. In Appellant's bill of exceptions, he asked the complainant about O.G., Mother's husband at the time of trial. The complainant denied recalling that she had "ever ha[d] a thought that he perhaps also touched [her] inappropriately" and denied telling Mother that he had touched her inappropriately. She also denied that O.G. had ever touched her. She further denied any discussion with Mother in which Mother explained that the alleged touching had been a dream because the complainant had been staying with her father (Father), not O.G. Appellant did not ask the complainant about any other potential perpetrator.

Appellant next called Mother to support his bill of exceptions. Mother likewise denied that the complainant had accused O.G. of inappropriate touching. Mother explained that the accusation of inappropriate touching had been against J.G., a different, former boyfriend, and that the event had happened in "maybe

6

2005" but that the complainant had not told her "the right thing" until 2012. The complainant originally told Mother that she was not sure if the sexual abuse from J.G. had happened or if it was a dream. Mother's talk with the complainant about that allegation was interrupted before Mother could get more information. According to Mother, the complainant later told both her counselor and Mother that the sexual abuse with J.G. had in fact happened.

Mother admitted that the complainant had also dreamed the year before trial that O.G. was touching her but stated that the complainant realized soon after awakening that the touching did not happen. No investigation ensued after the dream. Mother did report it to CPS because she was scared.

Stacy Lloyd, a caseworker for Child Protective Services, testified that in December 2012, Mother

> was worried that [the complainant might] make an outcry against her boyfriend that was living in the home [(O.G.)] because she had said she had had a dream about—that he inappropriately touched her but that she knows it was just a dream because when she woke up, she wasn't even at her mother's house.

Lloyd testified that the complainant realized that the inappropriate touching had been in a dream because she woke up somewhere else, and O.G. was not at that place.

State's Exhibit 8 is the complainant's written statement to Father about sexual abuse she claimed to have suffered at the hands of Appellant and a former boyfriend of Mother's, a statement written by the complainant before she dreamed of O.G. State's Exhibit 8 was not admitted before the jury. Instead, the

7

portion about the ex-boyfriend was redacted, and the remaining portion of the statement was admitted before the jury as State's Exhibit 8A. The prosecutor published State's Exhibit 8A by reading it to the jury:

> Rafa, he touched me in my private parts, and he tried pulling my pants off of—but I tried not to let him. But then he did, and he put his question mark in my private part, but I keep moving, so then he stopped. And I laid—and he laid down next to me and put his hands in my pants and was squeezing me against him and tried to kiss me. But I was moving my head around, so then he got on top of me.

In the redacted portion of State's Exhibit 8, which follows the portion published to the jury, the complainant told Father about the sexual abuse she had allegedly suffered at the hands of Mother's unnamed ex-boyfriend:

> [I]t was the same with my moms xBoyfriend but when he took of my pants he leked me down there in my prives part[.] But i moves around but he stil got . . . to leak me.

There is no evidence that O.G. was ever Mother's ex-boyfriend.

After Appellant put on his bill of exceptions, the trial court denied it and prohibited Appellant from delving into the issues raised in the bill. Defense counsel then explained,

> Your Honor, I would just reiterate the reasons that I previously put on the record that I believe this evidence is important. It's a confrontation issue. It's the ability for the Defense to present their case. And not allowing this testimony, which I believe we would contend has more probative value than any prejudicial value, I believe that the testimony has shown that this is not your typical outcry and found to be an untrue situation. But it's an outcry that the child tells his (sic) mom subsequently, it must not be true because it must have been a dream. And because of that, I believe it has plenty of probative value, and I believe it should have—it should be allowed.

8

Evidence that a child has accused someone other than the defendant of sexual abuse is not relevant or admissible absent evidence that such accusations were false.[8] Appellant does not complain about the exclusion of the evidence concerning J.G.'s alleged conduct. That outcry has not been proven false. The trial court therefore did not err by excluding that evidence or barring questioning about that evidence.[9]

Regarding the evidence that after making outcries about both J.G. and Appellant, the complainant dreamed that O.G. inappropriately touched her but realized upon awakening that it was a dream, we cannot conclude that the reported dream rises to an admissible false accusation.[10]

Finally, Appellant points us to nowhere in the record where he sought to have the redacted portion of Exhibit 8 admitted or complained about its exclusion. He has therefore failed to preserve his contention that the trial court

---

[8]*Hughes v. State*, 850 S.W.2d 260, 262–63 (Tex. App.—Fort Worth 1993, pet. ref'd).

[9]*See id.*

[10]*See id.* (reasoning that without a showing of falsity, evidence of a prior accusation does not show an interest, bias, or motive to be untruthful and is not a proper subject for cross-examination or impeachment).

9

erred by limiting his questioning about the redacted portion.[11]   We overrule

Appellant's first issue.

**Other Evidence**

In his second issue, Appellant contends that the trial court abused its

discretion by allowing multiple witnesses—Rebecca Sullivan, Father, and Carrie

Paschall—to testify to inadmissible hearsay as outcry witnesses when the State

chose not to call the only witness designated as the proper outcry witness, O.P.,

Father's girlfriend.  Appellant points to no place where he raised his complaint

about multiple outcry witnesses or his complaints about Sullivan and Father

testifying improperly as outcry witnesses.   We therefore overrule those

complaints as unpreserved.[12]   Appellant did challenge the admission of

Paschall's testimony as outcry evidence, but the testimony was admitted as a

prior consistent statement offered to rebut the defensive theory of fabrication.

Appellant did not challenge this ground below and does not challenge it on

appeal.[13]  Similarly, to the extent that Appellant complains about the admission of

State's Exhibit 8A within this issue, the objection at trial to the redacted

---

[11]*See* Tex. R. App. P. 33.1(a); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Sanchez v. State*, 418 S.W.3d 302, 306 (Tex. App.—Fort Worth 2013, pet. ref'd).

[12]*See* Tex. R. App. P. 33.1(a); *Everitt*, 407 S.W.3d at 262–63; *Sanchez*, 418 S.W.3d at 306.

[13]*See* Tex. R. App. P. 33.1(a); *Everitt*, 407 S.W.3d at 262–63; *Sanchez*, 418 S.W.3d at 306.

statement's being admitted as the complainant's prior consistent statement because the proper predicate had not been laid and because Father was not the proper sponsoring witness does not match Appellant's outcry complaint on appeal.[14] We therefore also overrule those complaints.

Regarding Sullivan, Appellant also complains that the trial court violated his rights under the Confrontation Clause and abused its discretion by overruling his hearsay objection and admitting her testimony as statements made for diagnosis and treatment under the exception found in rule of evidence 803(4).[15] The following colloquy occurred before the testimony:

> [PROSECUTOR]: Ms. Sullivan, how old was [the complainant] when you conducted the exam on her?
>
> A. She was 13.
>
> Q. And when you conducted the exam on her, you went through the same procedure. You first sat down with her—was it her mother?
>
> A. Yes.
>
> Q. And got her medical history?
>
> A. Yes.
>
> Q. And then after that, did you get a history of what happened from [the complainant]?

---

[14]*See Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009) ("A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial.").

[15]Tex. R. Evid. 803(4).

11

| | |
|---|---|
| A. | Yes. |
| Q. | What did [the complainant] say happened? |
| [DEFENSE COUNSEL]: | Your Honor, I'm going to object to hearsay by this witness testifying to what the child said. . . . I don't believe it's going to be for purpose of any diagnosis. There's been no predicate laid that that's where they're . . . heading. It would be hearsay upon hearsay. It would be testimonial. And we have a confrontation issue. |
| THE COURT: | Go ahead, [Prosecutor]. |
| [PROSECUTOR]: | Your Honor, it's an exception to hearsay under Section 803.4, statements made for medical purposes or medical diagnosis. |
| THE COURT: | All right. I'll overrule the objection.<br><br>Go ahead. |

Sullivan then continued her testimony without objection,

I wrote down in her own words when I asked her why she came to the clinic that day. She said: "My grandma's boyfriend when my grandma was asleep, he—I would sleep on the floor. He would get on top of me. He would unbuckle my pants. He would put his private part in my private part."

When I asked her when that had started, she said, "I think I was like seven."

And when I asked her when the last time that happened was, she said, "like eight or nine," referring to she was eight or nine years old.

When I asked her where that happened, she said, "At my grandma's house."

And then she goes on explaining things that would happen before she was age seven. She said, "He would always try to touch me when we would go somewhere in the car since I was really little."

12

> When I asked her his name, she said, "Rafael Rodriguez."
>
> And I also asked her if she knew his age, but she said she didn't know his age. I asked her about any symptoms with the contact, penile/vaginal contact. She said that it was uncomfortable but said there was no bleeding. And then at this point I went down a checklist with her.

Sullivan continued repeating information that the complainant had told her and also discussed other aspects of the examination with no further objection by Appellant. On cross-examination, the following dialogue occurred:

[DEFENSE COUNSEL]: Ms. Sullivan, if there's no reason for obtaining any evidence, there's really no purpose in this exam except to have her repeat that information to a medical personnel; isn't that right?

A. No, I don't agree.

Q. What—what's the purpose of that exam, you know, seven years later, six years later?

A. Physically to make sure she's okay. We need to make sure she does not have infections, like HIV or syphilis, that she does not have sexually-transmitted infections. And it's very helpful to the child to know that physically they're okay before they can even think about going to counseling or healing from the trauma of sexual abuse. If you do not know that physically you're okay, that's—that's very hard to do.

Q. The medical protocol that you have before you, I'm sure, that the parents sign, says they're asking for a medical examination for evidence of sexual abuse. Now, clearly, you're not going to be able to find evidence

13

> of sexual abuse six years later; isn't that right?
>
> A.    That—I would not expect to have any physical findings or evidence of sexual abuse, no.

The complainant testified. As this court has previously pointed out, "Although the erroneous admission of hearsay evidence can implicate the [C]onfrontation [C]lause of the Sixth Amendment, we have no [C]onfrontation [C]lause issue here because the out-of-court declarant testified and was available for cross-examination."[16] As to the hearsay objection, Appellant failed to get a running objection and therefore failed to preserve his complaint.[17] We overrule Appellant's second issue.

**Conclusion**

Having overruled Appellant's three issues, we affirm the trial court's judgment.

---

[16]*Dunbar v. State*, No. 02-03-00489-CR, 2005 WL 1120080, at *10 (Tex. App.—Fort Worth May 12, 2005, pet. ref'd) (mem. op., not designated for publication).

[17]*See Leday v. State,* 983 S.W.2d 713, 717–18 (Tex. Crim. App. 1998); *Preston v. State*, No. 02-13-00068-CR, 2014 WL 2619377, at *1 (Tex. App.—Fort Worth June 12, 2014, no pet.) (mem. op., not designated for publication).

14

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 25, 2015