

# NUMBER 13-19-00385-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ANTONIO TREVINO,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.

On appeal from the 214th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

Before Justices Benavides, Hinojosa, and Silva
Memorandum Opinion by Justice Benavides

By a single issue, appellant Antonio Trevino appeals a conviction for continuous sexual abuse of a child, a first-degree felony, and the trial court assessed punishment at forty-eight years' imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.32, 21.02. Trevino alleges that the trial court abused its discretion by allowing hearsay statements by the child's mother under the outcry exception. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072.

We affirm.

## I. BACKGROUND

Trevino was indicted for continuous sexual abuse of S.G.[1] *See* TEX. PENAL CODE ANN § 21.02. Trevino was a close friend of S.G.'s family. Prior to opening statements, an outcry hearing was held regarding whether J.G., S.G.'s mother, could testify about S.G.'s outcry to her. The trial court allowed J.G. to testify over Trevino's objection as the State's designated outcry witness. During her testimony, J.G. recalled a conversation with her daughter on January 29, 2018,[2] and Trevino objected that J.G.'s testimony was inadmissible hearsay.

J.G. testified that she and S.G. were discussing the "Me-Too Movement" and the gymnasts who had been sexually abused. After J.G. expressed her disbelief that the gymnasts had not said anything to a parent or friend, S.G. revealed that she had been molested by Trevino while J.G. was in prison.[3] She specifically told J.G. that she had been touched inappropriately in her "private areas" and her "breast." J.G. explained that she knew that S.G. meant her vagina when she said "private areas." J.G. and S.G.'s father contacted police later that day.

Detective Michael Ramos, an investigator with the Corpus Christi Police Department, testified that Trevino provided a statement to him. In his statement, Trevino

---

[1] We use initials to protect the identities of the complainant and her family. *See* TEX. R. APP. P. 9.8 cmt.; *Salazar v. State*, 562 S.W.3d 61, 63 n.1 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.).

[2] The State sufficiently notified Trevino of its intent to use the hearsay statement and provided Trevino with the name of the witness and a written summary of the statement. *See* TEX. CODE CRIM. PRO. ANN. art. 38.072 §2(b).

[3] J.G. was incarcerated for health care fraud from May of 2010 to December of 2014.

admitted that he touched S.G.'s breasts and pubic area, digitally penetrated her vagina, and orally penetrated her vagina. Trevino conceded to doing these acts on multiple occasions at his place of work and his house. Additionally, Trevino stated he placed S.G.'s hand on his penis. He also admitted that on numerous occasions he had her take photographs of her vagina and showed her pornography.

S.G., seventeen years old at the time of trial, testified next. She recalled the discussion with J.G. about the "Me Too Movement," and how after J.G. struggled to understand the gymnasts' silence, she informed J.G. that she had also been sexually assaulted. S.G. stated that Trevino sexually assaulted her at his place of work, her aunt and uncle's home, and his home since she was eight years old up until she was twelve years old. Trevino worked for and lived in a house owned by S.G.'s aunt and uncle. S.G. knew Trevino very well, stating "he was like a father figure to me."

S.G. recalled Trevino first touched her vagina when she was eight years old. He gave S.G. his phone and asked for pictures of her vagina almost every time she saw him, and she "kind of lost count" how many times he touched her vagina. Around this same time, he also started showing her pornography on his phone, and when she was nine years old, he started licking her vagina. She next recalled touching Trevino's penis when she was ten years old, and a few times he rubbed his penis against her vagina. The last incident she remembered was stroking Trevino's penis for ten minutes until he ejaculated. When S.G. was twelve years old, Trevino asked her for more pictures at a party, and S.G. told him she would no longer comply with his requests.

3

The jury found Trevino guilty of continuous sexual abuse of a child under fourteen years of age. *See id.* This appeal followed.

## II. ANALYSIS

By his sole issue, Trevino argues that the trial court erred in admitting S.G.'s outcry testimony through J.G. because the outcry was too vague and thus falls outside the article 38.072 exception. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072.

### A. Standard of Review

We apply an abuse of discretion standard when we review a trial court's designation of an outcry witness. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). A trial court abuses its discretion when its ruling is outside the zone of reasonable disagreement. *Id.* A trial court has broad discretion in determining the admissibility of outcry evidence, and we will uphold the trial court's findings when they are supported by the evidence. *Sanchez v. State*, 354 S.W.3d 476, 488 (Tex. Crim. App. 2011).

### B. Error Preservation

To preserve error for appellate review, a party must make an objection with "sufficient specificity" to make the trial court aware of the complaint and its basis and obtain a ruling on the objection. *Cordero*, 444 S.W.3d at 818; *see also* TEX. R. APP. P. 33.1; TEX. R. EVID. 103(a)(1). An objection must be specific to inform the trial judge of the basis of the objection and to afford counsel the opportunity to remove the objection or supply other testimony. *See Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009). Therefore, a "general 'hearsay' objection can be sufficient" to inform the trial court of the defendant's complaint regarding testimony disclosing an outcry statement.

4

*Cordero*, 444 S.W.3d at 818.

Although the State argues that Trevino did not preserve his article 38.072 issue on appeal based on his objection at trial, we find that the objection made was sufficient to put the trial court on notice regarding Trevino's complaint. In *Lankston*, the Texas Court of Criminal Appeals held that defense counsel sufficiently objected by saying "[y]our Honor, once again I'm going to have to object that this is hearsay." 827 S.W.2d 907, 910 (Tex. Crim. App. 1992). When the State responded that it had filed its motion to designate the outcry witness, the objection was clearly understood to refer to the testimony not falling within the outcry exception. *Id.* at 911. Here, Trevino objected and stated, "Your Honor . . . I'm objecting that it is hearsay," and the State immediately responded with, "Your Honor, this witness has already been identified and ruled as a credible witness. So, the outcry is no longer hearsay." Like in *Lankston*, the objection was clearly understood to refer to the testimony not falling within the outcry hearsay exception. *See id.* We conclude that Trevino made it clear that he did not believe that the State met the requirements of article 38.072 and the issue raised here was sufficiently preserved for appeal.

## C.     Admissibility of Hearsay Statement

Hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d). Hearsay is inadmissible unless it is allowed "by other rules prescribed pursuant to statutory authority." TEX. R. EVID. 802. Under article 38.072, a child's out-of-court statement is admissible so long as the statement is made by the first person who is eighteen years or older "to whom the child makes a statement

that in some discernible manner describes the alleged offense." TEX. CRIM. PROC. ANN. art. 38.072. This statement is known as an "outcry," and it must be "more than words which give a general allusion that something in the area of child abuse was going on." *Garcia*, 792 S.W.2d at 91; *see also Sanchez v. State*, No. 13-16-00681-CR, 2019 WL 5076508, at *8–9 (Tex. App.—Corpus Christi–Edinburg Oct. 10, 2019, no pet.) (mem. op., not designated for publication) (finding that the child's sister was not a proper outcry witness because child's statement that defendant "hurt her, made her feel dirty, and touched her" did not relay specific details of abuse). An outcry statement is sufficient if a child tells someone "how, when, and where" an offense occurred. *Eldred v. State*, 431 S.W.3d 177, 183–84 (Tex. App.—Texarkana 2014, pet. ref'd); *Brown v. State*, 189 S.W.3d 382, 386 (Tex. App.—Texarkana 2006, pet. ref'd). *see, e.g.*, *Castelan v. State*, 54 S.W.3d 469, 475–76 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.) (finding that the child's grandmother was not a proper outcry witness because child's statement that defendant "put his thing in through the back" did not relay specific details of abuse).

Here, S.G. related to J.G. a sufficiently discernible statement regarding the alleged offense. When S.G. was asked "what did you tell your mom happened as far as being sexually assaulted," S.G. testified "she asked me who, where, when, why. And I told answered." *See Brown*, 189 S.W.3d at 386 (noting that an outcry statement is sufficient if a child tells someone "how, when, and where" an offense occurred). Moreover, in *Brown*, because the child's statement to her father "closely track[ed] the language of the statute defining" the charged offense, the statement was sufficiently discernable. *Id.* at 386–88. Here, S.G. described to J.G. that Trevino sexually abused her by specifically

6

touching her "private areas" and "breast" over a period of years; therefore, the outcry statement, like the proper outcry statement in *Brown*, closely tracks the language of the statute defining the offense for which Trevino was convicted. *Id.*; *see* TEX. PENAL CODE ANN §§ 21.02, 21.11. We hold that the trial court did not err in admitting the hearsay statement under the outcry exception.

## D. Harm Analysis

Even if the trial court erroneously admitted the hearsay testimony, the error was harmless. The erroneous admission of evidence is generally considered non-constitutional error subject to harm review under Texas Rule of Appellate Procedure 44.2(b). *See* TEX. R. APP. P. 44.2(b). Under this rule, an error is not harmful unless it affects the defendant's substantial rights. *Id.*; *see Walters v. State*, 247 S.W.3d 204, 218–19 (Tex. Crim. App. 2007). If "substantially the same evidence" is admitted elsewhere without objection, the improper admission of evidence is not considered harmful. *Petriciolet v. State*, 442 S.W.3d 643, 654 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd); *see also Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010) (noting any error was harmless in light of "very similar" evidence admitted without objection).

S.G. testified without objection following the outcry testimony, detailing both the outcry statement to her mother and the history of Trevino's sexual abuse towards her. Because S.G.'s testimony was substantially similar to J.G.'s testimony, we conclude that the admission of the outcry testimony was harmless error. *Estrada*, 313 S.W.3d at 302, n.29.

7

Moreover, the jury watched the video-taped statement where Trevino admitted to Detective Ramos that he sexually abused S.G. on numerous occasions. We are assured that any error in admitting J.G.'s outcry testimony did not influence the jury's verdict. *See Coble*, 330 S.W.3d at 287–88. We overrule Trevino's sole issue.

### III.     CONCLUSION

We affirm the trial court's judgment.


GINA M. BENAVIDES
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
17th day of June, 2021.