

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0401-09

**AMBER LOVILL, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NUECES COUNTY

KEASLER, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, PRICE, WOMACK, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. JOHNSON, J., filed a concurring opinion in which WOMACK and COCHRAN, JJ., joined.

### O P I N I O N

The Corpus Christi Court of Appeals held that Amber Lovill's selective prosecution complaint was preserved because, among other things, everyone understood her complaint and she presented a selective prosecution complaint in a motion for a new trial.[1] We disagree. Under the particular facts here, Lovill forfeited her selective prosecution complaint

---

[1] *Lovill v. State*, 287 S.W.3d 65, 76-77 (Tex. App.—Corpus Christi 2008).

for appellate purposes because her revocation proceeding statements were not specific and timely as required by Rule 33.1 of the Texas Rules of Appellate Procedure.

## Background

The State charged Lovill with two counts of forgery. In January 2005, pursuant to a plea agreement, Lovill pled guilty to the charges and filed an application for probation. After accepting Lovill's pleas and finding her guilty, the trial judge sentenced Lovill to two years' confinement in a state-jail facility. The judge also ordered Lovill to pay a $1,000 fine and $700 in restitution. In accordance with the plea agreement, the judge suspended the term of imprisonment and placed Lovill on community supervision for three years. The trial judge directed Lovill to comply with several terms and conditions while under supervision. Some of those terms and conditions required Lovill to:

- "Avoid injurious or vicious habits and or [sic], avoid the use of . . . narcotics or any other controlled substances and submit to testing/blood analysis/urinanalysis [sic] as directed . . . "

- "REPORT TO THE CSCD [(Community Supervision and Corrections Department)] OFFICER AS DIRECTED and at least once a month";

- Pay a number of fees associated with her supervision;

- "Participate in the SPECIALIZED CASELOAD for SUBSTANCE ABUSE Program;" and

- "[S]atisfactorily participate in a screening/assessment for substance abuse and submit to any counseling, urinanalysis [sic], and/or any diversionary program as determine[d] within the CSCD's TREATMENT ALTERNATIVE TO INCARCERATION PROGRAM (TAIP)."

The State filed its first motion to revoke Lovill's supervision in September 2005.

Lovill entered pleas of true to several allegations contained in the motion, including the allegation that she failed to comply with CSCD's TAIP because of non-attendance. The trial judge did not revoke Lovill's supervision but sanctioned her and amended the terms and conditions of her supervision. The judge specifically ordered Lovill to serve a term of confinement in the county Substance Abuse Treatment Facility (SATF). The terms and conditions of Lovill's supervision were amended to include special conditions associated with the SATF term of confinement.

On July 17, 2007, the State filed a second motion to revoke Lovill's supervision. The State alleged that Lovill failed to comply with the terms and conditions of her supervision by: (1) using amphetamine; (2) failing to report to her CSCD officer in the months of May, June, and July 2007; (3) failing to attend the SATF aftercare program as directed; and (4) failing to pay fines, restitution, costs, and fees. At the revocation hearing, Lovill entered pleas of true to all four allegations. The judge accepted the pleas and allowed the parties to present evidence.

The State called Sandra Garza, Lovill's community-supervision officer. When asked about the Probation Department's recommendation, Garza stated, "The recommendation is that she be sanctioned to the Substance Abuse Felony Punishment Facility [(SAFPF)], special needs unit." Garza cited Lovill's use of drugs as a reason and stated that Lovill should be placed in a special needs unit because of her pregnancy. On cross-examination, Garza stated that Lovill's use of drugs and pregnancy "drove this violation report" and that Lovill's

pregnancy was a "high concern of ours." When asked whether the recommendation would be the same if Lovill were not pregnant, Garza gave no definitive answer; but she stated that the Department does "work" with some people who have tested positive for drugs. And when asked about alternative programs, Garza maintained that Lovill would benefit more at a SAFPF so she could get treatment.

Lovill's defense attorney called Lovill to testify. She maintained that she would like to continue community supervision and be placed in "CASA," an outpatient drug-treatment facility, so that she would be able "to keep her baby" with her. When asked about an alternative, Lovill stated that she would "take the year state jail."

In summation, Lovill's attorney asked the judge to reject Garza's recommendation:

> Your Honor, on behalf of Ms. Lovill, I would ask the Court to continue her on probation. It is obvious probation would have worked with her, but for the fact that she is pregnant and they decide to revoke her and send her off to SAFP[F] without even giving Ms. Lovill an opportunity to maybe work with probation even though she is pregnant. She is willing to go to CASA or some other treatment facility that is local; so she can have her baby and not to have to go to prison, Your Honor. She had like a year left or so on her probation, so she would like to try to and finish out her probation and put this case behind her. She understands that that was poor judgment in her case with testing positive . . . .
> In the alternative, if the Court sees fit to revoke her, she would like to do one year and not have to go to SAFP[F] at all.

In response, pointing to Lovill's drug use while pregnant, the State asked the trial judge to follow Garza's recommendation.

The judge found that Lovill violated the terms and conditions of her supervision. But instead of revoking her supervision, the judge extended her term of supervision and ordered

her to a SAFPF for three to twelve months.

Lovill filed a motion for a new trial alleging that she was subjected to selective prosecution, because of her pregnancy, in violation of the Equal Protection Clauses to the United States and Texas Constitutions, the Due Process Clause to the United States Constitution, the Texas Constitution's due course of law provision, and the Texas Equal Rights Amendment. After holding a hearing, the trial judge denied the motion. Lovill filed a motion to amend the conditions of her probation, which the trial judge denied. Lovill then sought habeas corpus relief under Article 11.072, arguing that she had been selectively prosecuted because of her gender. The trial judge denied relief, finding that the State did not move to revoke Lovill's supervision because of her pregnancy.

## Court of Appeals

Lovill appealed the trial judge's denial of her 11.072 application for a writ of habeas corpus to the Thirteenth Court of Appeals.[2] The court of appeals rejected three separate arguments made by the State that Lovill forfeited her right to mount a selective prosecution complaint on appeal.[3] We will review only one of the court of appeals's forfeiture holdings because the other forfeiture conclusions and the court's consideration of the merits of Lovill's claim are not necessary to our disposition. Relevant to our disposition, the court rejected the State's assertion that Lovill forfeited her selective prosecution complaint because

---

[2] *Lovill*, 287 S.W.3d at 69.

[3] *Id.* at 74-77.

Lovill failed to object on this basis at the revocation hearing.[4] The court of appeals held that Lovill's statements at the hearing preserved her claim for review.[5] At the hearing, Lovill's attorney informed the trial judge that the State moved to revoke her supervision because of her pregnancy.[6] According to the court, the trial judge and the parties understood the substance of Lovill's complaint.[7] The State responded to the argument, and the record shows that the trial judge understood Lovill's objection when the judge stated, "Well, I think the fact that she tested positive is the reason we are all here, right, not for the fact that she is pregnant."[8] The court also determined that a selective prosecution complaint may "be raised at various times during a criminal proceeding."[9] Citing our decision in *Satterwhite v. State*, the court observed that we reviewed Satterwhite's selective prosecution claim that had been raised in a motion for a new trial.[10]

### State's Petition for Discretionary Review

We granted seven grounds from the State's Petition for Discretionary Review. The sole ground for review that we address is whether the court of appeals erred in concluding

---

[4] *Id.* at 76-77.

[5] *Id.* at 76.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* (citing *Satterwhite v. State*, 726 S.W.2d 81, 84 (Tex. Crim. App. 1986).

that Lovill's selective prosecution complaint was preserved by a specific and timely complaint at trial. Because our resolution of this case is responsive to only one of the grounds for review that we granted and it is not necessary for us to address the other grounds, we dismiss the remaining grounds for review.

**Analysis**

Texas Rule of Appellate Procedure 33.1, which establishes the requirements for preserving a complaint for appellate review, governs this case.[11] To preserve a complaint for appellate review, the record must show that a specific and timely complaint was made to the trial judge and that the trial judge ruled on the complaint.[12] The specificity requirement is met if the complaint made at trial was clear enough to the trial judge so as to permit the trial judge to take corrective action when the complaint was made.[13] The complaining party must have informed the trial judge what was wanted and why the party was entitled to it.[14] A complaint will not be preserved if the legal basis of the complaint raised on appeal varies

---

[11]TEX. R. APP. P. 33.1; *see also* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8; TEX. R. APP. P. 1.1 ("These rules govern procedure in appellate courts and before appellate judges and post-trial procedure in trial courts in criminal cases."); TEX. R. APP. P. 31.1 ("Filing the Record; Submission"); TEX. R. APP. P. 31.2 ("Hearing"); TEX. R. APP. P. 31.3 ("Orders on Appeal").

[12]TEX. R. APP. P. 33.1(a).

[13] *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

[14] *Id.*

from the complaint made at trial.[15]  A party's complaint is regarded as timely when it was "made as soon as the ground for complaint is apparent or should be apparent."[16]

Consistent with our preservation jurisprudence, in *Gawlick v. State*, we held that Gawlick did not preserve his selective prosecution complaint for appellate review because he failed to object on this basis at trial.[17]  Thus, we concluded that Gawlick forfeited his selective prosecution complaint.[18]

Here, we must determine whether the court of appeals erred in holding that  Lovill's complaint was specific and timely as required by Rule 33.1.  Based on the particular facts and circumstances here, we conclude that the court erred.  First, Lovill's statements during the revocation hearing were not specific enough to apprise the trial judge that she was complaining about gender-based selective prosecution in violation of her constitutional rights.  Lovill did contend that but for her pregnancy, the Probation Department would not have reported her failure to comply with the terms and conditions of her supervision to the

[15]  *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (citing *Euziere v. State*, 648 S.W.2d 700, 703-04 (Tex. Crim. App. 1983)).

[16]  *Aguilar v. State*, 26 S.W.3d 901, 906 (Tex. Crim. App. 2000) (*Wilson v. State*, 7 S.W.3d 136, 146 (Tex. Crim. App. 1999); *Hollins v. State*, 805 S.W.2d 475, 477 (Tex. Crim. App. 1991)).

[17]  *Gawlick v. State*, 608 S.W.2d 671, 673 (Tex. Crim. App. 1980); *see also United States v. Huber*, 404 F.3d 1047, 1054 (8th Cir. 2005) (holding that appellant's selective prosecution claim was forfeited by his failure to lodge a timely pretrial objection); *United States v. Bryant*, 5 F.3d 474, 476 (10th Cir. 1993) (same).

[18]  *Gawlick*, 608 S.W.2d at 673; *see also Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) (rights belonging to a litigant are subject to forfeiture).

District Attorney's Office. Continuing, she asserted that the District Attorney would not have moved to revoke her supervision if she had not been pregnant. However, at no time did Lovill challenge the legality of the entire revocation proceeding on the basis of gender-based selective prosecution or discrimination.[19] While not always required, when a legal claim is rarely urged, like this one,[20] the complaining party should invoke the controlling federal and state constitutional provisions or use key legal phrases to ensure that the trial judge is informed of the particular complaint.[21] She could have used the words selective prosecution or equal protection under the law or cited the Equal Protection Clause. But Lovill did none of this. Her complaints went only towards mitigating the consequences that the trial judge was considering following her pleas of true. She used the State's consideration of her pregnancy as way to challenge the Probation Department's recommendation that she be placed in a SAFPF. She asked to be placed in an out-patient drug-abuse program or to serve a year in state jail. Her arguments for a lesser form of punishment than that recommended by the State did not adequately inform the trial judge that the revocation proceedings, as

---

[19] *See United States v. Armstrong*, 517 U.S. 456, 463 (1996) ("A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution.").

[20] *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 490 (1999) ("Even in the criminal-law field, a selective prosecution claim is a *rara avis*.").

[21] *Cf. Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009); *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005); *Heidelberg v. State*, 144 S.W.3d 535, 543 (Tex. Crim. App. 2004).

initiated, were discriminatory and therefore violated her constitutional rights.[22] Additionally, we disagree with the court of appeals's assertion that the trial judge understood that Lovill was advancing a selective prosecution complaint. Taken in context, the trial judge's response—"I think the fact that she tested positive is the reason we are all here, not for the fact that she is pregnant"—indicated only his understanding that Lovill wanted the case to be resolved in her favor. The judge's statement does not indicate that he understood Lovill's arguments to be a challenge based on discriminatory selective prosecution. Our determination that Lovill's complaint lacked the requisite specificity under the circumstances here is plainly shown when her trial complaints are compared to her subsequent, finely tuned contentions that she presented in her motion for new trial and 11.072 application for a writ of habeas corpus. In her motion and application, she challenged the initiation of the proceedings on constitutional grounds, arguing that she was subjected to selective prosecution, and contended that a dismissal of the prosecution is the only appropriate remedy.[23]

---

[22] *See Resendez v. State*, No. PD-0917-08, 2009 Tex. Crim. App. LEXIS 1439, at *13 (Tex. Crim. App. Oct. 21, 2009) ("Only when there are clear contextual clues indicating that the party was, in fact, making a particular argument will that argument be preserved.").

[23] *Yick Wo v. Hopkins*, 118 U.S. 356, 374 (1886) (reversing based on selective prosecution and remanding to lower court with "directions to discharge the petitioners from custody and imprisonment."); Richard H. McAdams, *Prosecution: Discovering the Pitfalls of Armstrong*, 73 CHI.-KENT L. REV. 605, 653 n.144 (1998) ("The conventional remedy for such claims is a dismissal of the criminal charge . . . ." and opining that "when a defendant shows that the state would not have prosecuted him but for the illegitimate factors of race, he is entitled to be free from prosecution, just as the similarly situated

Next, we conclude that the court of appeals erred in holding that Lovill's complaint was timely. The first time that she specifically informed the trial judge that she was challenging the constitutionality of the revocation proceedings based on selective prosecution, as required by Rule 33.1, was in her motion for a new trial. But this was not the first time that the basis of her complaint was apparent. The factual basis underlying her legal complaint became apparent when Garza testified at the revocation proceedings. Lovill took the factual basis into consideration at that time when arguing for lesser punishment. However, as stated above, she did not assert a particular legal theory and did not use the requisite specificity. Further, the court of appeals erred in relying on our decision in *Satterwhite* to conclude that a motion for a new trial claiming selective prosecution is sufficient for preservation purposes.[24] We did not address the preservation requirement in *Satterwhite*. Silence on the issue does not mean that we issued a ruling contrary to the decision that we render today. In fact, given our prior decision in *Gawlick*, we could not have made such a determination. Additionally, the systemic nature of error preservation was

persons of other races were legitimately free from prosecution.") (citing *Duncan v. Perez*, 445 F.2d 557 (5th Cir. 1971) (enjoining retrial); *United States v. Steele*, 461 F.2d 1148, 1152 (9th Cir. 1972); *United States v. Crowthers*, 456 F.2d 1074, 1080-81 (4th Cir. 1972); *United States v. Robinson*, 311 F. Supp. 1063, 1065-66 (D. Mont. 1969)). *But see Armstrong*, 517 U.S. at 461 n.2 ("We have never determined whether dismissal of the indictment, or some other sanction, is the proper remedy if a court determines that a defendant has been the victim of prosecution on the basis of his race.").

[24] *Lovill*, 287 S.W.3d at 76.

not necessarily ingrained in our jurisprudence until the early 1990's,[25] years after we issued

*Satterwhite*.

## Conclusion

We conclude that the court of appeals erred in holding that Lovill's selective

prosecution complaint was preserved for appellate review. As a result, we reverse the court

of appeals's judgment and affirm the trial judge's decision to deny Lovill's 11.072

application, although for a different reason than that stated by the trial judge.[26]

DATE DELIVERED: December 16, 2009
PUBLISH

---

[25] *Jones v. State*, 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 1997); *Hughes v. State*, 878 S.W.2d 142, 151 (Tex. Crim. App. 1992); *Fuller v. State*, 829 S.W.2d 191, 199 n.4 (Tex. Crim. App. 1992); *Marin*, 851 S.W.2d at 278.

[26] *Cf. Ex parte Medellin*, 223 S.W.3d 315, 322 (Tex. Crim. App. 2006); *Ex parte Dutchover*, 779 S.W.2d 76, 77 (Tex. Crim. App. 1989).