

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00408-CR

LLOYD GRIFFIN                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Lloyd Griffin of committing aggravated assault of a family member by threatening his wife with a machete. The jury assessed his punishment at fifteen years' confinement, and the trial court sentenced him accordingly.

Appellant brings three issues challenging the admissibility of three photographs: two photographs of the complainant's hands and a photograph of

---

[1]*See* Tex. R. App. P. 47.4.

a slash in the carpet. He argues on appeal that the photographs were not relevant and were unduly prejudicial. At trial, however, he objected only that they were not relevant. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.[2] Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.[3] A reviewing court should not address the merits of an issue that has not been preserved for appeal.[4] Because Appellant did not preserve his complaint that the photographs were unduly prejudicial, we overrule that portion of his issue and address only his relevance complaint.

The admissibility of photographs is within the sound discretion of the trial court.[5] The complainant testified that Appellant waved his machete around violently, hitting things with it. The photograph of the cut in the carpet was

---

[2]Tex. R. App. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009).

[3]Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

[4]*Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g).

[5]*Williams v. State*, 301 S.W.3d 675, 690 (Tex. Crim. App. 2009), *cert. denied*, 130 S. Ct. 3411 (2010).

evidence of Appellant's wielding the machete and slashing things while threatening his wife. The photographs of the complainant's hands were relevant to show that she was not the aggressor and had not used her hands to assault Appellant. Because all three photographs went toward proving and disproving facts at issue in the aggravated assault case, the trial court did not abuse its discretion by admitting the photographs over Appellant's objection to their relevance.

We therefore overrule Appellant's three issues and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 27, 2012