

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00491-CR

Felicia Renee **AKINS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 213th District Court, Tarrant County, Texas
Trial Court No. 1250943D
The Honorable Louis E. Sturns, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  July 10, 2013

AFFIRMED

Appellant Felicia Renee Akins pled guilty to the offense of theft with two priors and was sentenced to confinement for six months in a state jail facility.  In a single issue, Akins contends the State elicited irrelevant testimony regarding Akins's sexual orientation.  Because we hold Akins did not preserve the issue for our review, we affirm the trial court's judgment.

## BACKGROUND

After entering into an open plea agreement with the State with regard to the offense charged, Akins pled guilty.  The case was reset and a presentence investigation report was prepared

for the trial court.  During the contested punishment hearing, Akins called her girlfriend, Fredricka Williams, as a witness.  On direct examination, Williams testified Akins is a devoted single mother with three children and is very involved with her church.  On cross-examination, the State asked about Williams's relationship with Akins:

> Q: You said earlier you're the defendant's girlfriend.  Is that – how would you describe y'all's relationship?
>
> A: Pretty good.  Communication is the key.
>
> Q: Okay.  I'm saying are you friends as you go to the mall together, or are you in, like a romantic relationship?
>
> A: Intimate relationship.
>
> Q: Okay.  Where do you go to church?
>
> A: Bethlehem.
>
> Q: Okay.  Do they know of your relationship?

At this point, Akins objected:

> Defense: I don't think this is important.  I'm sorry, Judge.  I object to that question.
>
> Court: On what basis?
>
> Defense: I don't think –
>
> Court: – it's relevant.
>
> Defense: I don't think it's relevant.
>
> Court: Sustained.

At the conclusion of the punishment hearing, the trial court sentenced Akins to confinement for six months in a state jail facility.  Akins then perfected this appeal.

## ANALYSIS

Akins contends it was improper for the State to elicit testimony concerning her sexual orientation.  She argues the State sought to elicit such testimony in an effort to prejudice the trial

court with regard to sentencing. The State counters that Akins has failed to preserve the issue for appellate review.

To preserve a complaint for appellate review, a party must first present a timely request, objection, or motion to the trial court that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009). Second, the trial court must rule on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Moreover, the complaining party must generally pursue an objection until she receives an adverse ruling. *Badall v. State*, 216 S.W.3d 865, 872 (Tex. App.—Beaumont 2007, pet. ref'd) (citing *Anderson v. State*, 932 S.W.2d 502, 507 (Tex. Crim. App. 1996); *Harris v. State*, 784 S.W.2d 5, 12, (Tex. Crim. App. 1989)).

Here, although Akins made a timely objection and obtained a ruling from the trial court, her objection was *sustained* by the trial court. She did not move for a mistrial or lodge any additional objection. Thus, Akins never received an adverse ruling; rather, she received the only relief she sought. Accordingly, Akins has failed to preserve any error for our review. *See Badall*, 216 S.W.3d at 872. An appellate court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g). Accordingly, we overrule Akins's sole issue.

Marialyn Barnard, Justice

Do Not Publish