

# NUMBER 13-12-00453-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI − EDINBURG

**LARRY WHATLEY,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                 **Appellee.**

## On appeal from the 213th District Court
## of Tarrant County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Perkes
### Memorandum Opinion by Justice Garza

A jury found appellant, Larry Whatley, guilty of aggravated assault with a deadly weapon, repeat offender, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West 2011). Appellant pleaded "true" to an enhancement paragraph, and the trial court sentenced him to twenty-five years' imprisonment. By a single issue, appellant contends the trial court violated his Sixth Amendment right to confrontation by

improperly limiting the scope of his cross-examination of a witness. *See* U.S. CONST. amend. VI. We affirm.

## I. BACKGROUND[1]

Appellant was convicted of violently assaulting Brooke Butler, his live-in girlfriend. After the assault, Butler went to the home of her friend, Mandi Moore, who called 911 to request treatment of Butler's injuries. At trial, Moore testified for the State. On cross-examination, defense counsel asked Moore if Butler was involved with anyone else at the time of the assault. The prosecutor objected on relevance grounds. Outside the presence of the jury, defense counsel was permitted to ask Moore whether Butler was involved in any other relationships at the time of the assault. Moore answered that she did not know. The prosecutor said that the question was "a fishing expedition" and improper character evidence. The trial court sustained the State's objection. The jury returned; defense counsel stated he had no other questions, and Moore was dismissed.

## II. DISCUSSION

The State argues that appellant failed to preserve his issue for review. We agree.

To preserve a complaint for appellate review, the record must show that a specific and timely complaint was made to the trial judge and that the trial judge ruled on the complaint. TEX. R. APP. P. 33.1; *see Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009). It is well established that even constitutional and statutory rights may be waived by failure to object. *Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App.

---

[1] This case is before the Court on transfer from the Second Court of Appeals in Fort Worth, Texas pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

2000) ("Because he did not object to error under the Confrontation Clause, appellant waives this argument on appeal").

By failing to object to the trial court's ruling, appellant failed to preserve any error. *See* TEX. R. APP. P. 33.1; *Lovill*, 319 S.W.3d at 691; *Wright*, 28 S.W.3d at 536. We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of August, 2013.