

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00430-CR

Orlando **ORTIZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, La Salle County, Texas
Trial Court No. 17-06-00056-CRL
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: April 27, 2022

AFFIRMED

Appellant Orlando Ortiz was convicted by a jury of felony assault involving family violence by occlusion. When this case was previously before us, Ortiz argued the trial court erred by: (1) denying his request to include the lesser-included offense of misdemeanor assault in the jury charge; and (2) admitting several photographs into evidence. We sustained Ortiz's first issue, reversed the trial court's judgment of conviction, and remanded the cause to the trial court for further proceedings. *Ortiz v. State*, No. 04-18-00430-CR, 2019 WL 4280074, at *1 (Tex. App.—San Antonio, Sept. 11, 2019), *rev'd*, 623 S.W.3d 804, 810 (Tex. Crim. App. 2021). Because we

disposed of the appeal on Ortiz's first issue, we did not reach his second issue regarding the photographs. *Id.*; *see also* TEX. R. APP. P. 47.1 (providing opinions should be as brief as practicable and address only those issues necessary to final disposition of the appeal). The State filed a petition for discretionary review. The Texas Court of Criminal Appeals granted the State's petition, reversed our judgment, and remanded the matter back to this court "for consideration of Ortiz's remaining issue." *Ortiz v. State*, 623 S.W.3d 804, 810 (Tex. Crim. App. 2021). On remand, we affirm the trial court's judgment.

## BACKGROUND[1]

Ortiz was charged with two counts of sexual assault and one count of felony assault involving family violence by occlusion against Odilia Gomez. On August 12, 2016, Ortiz sent a text to Gomez stating there was damage to a motorcycle she and one of her sons owned. Gomez went to Ortiz's home where the motorcycle was located and where the alleged sexual assaults and felony assault occurred.

At trial, the trial court admitted seven photos taken from the bodycam of one of the officers who responded to the incident. These seven photos show some of Gomez's injuries. The State also moved to admit: (1) other photos of Gomez's injuries that were taken with a camera while Gomez received medical care in an ambulance ("State's Exhibits 29–38"); (2) photos depicting the exterior of the house, the garage where the motorcycle was located, and the crime scene ("State's Exhibits 39–47"); (3) and one photo depicting Gomez's torn underwear at the crime scene ("State's Exhibit 48").[2]

---

[1] We only provide the background necessary to address Ortiz's second issue. For a full recitation of the facts, *see* *Ortiz v. State*, 04-18-00430-CR, 2019 WL 4280074, at *1–2 (Tex. App.—San Antonio, Sept. 11, 2019), *rev'd*, 623 S.W.3d 804, 810 (Tex. Crim. App. 2021).

[2] Ortiz also complains about State's Exhibit 28. However, State's Exhibit 28 is a photo of Ortiz "when he was under arrest and medics are tending to him." In his brief, Ortiz only complains about the photos "depicting [the] alleged victim in [an] ambulance." Ortiz's brief does not address the admissibility of a photo showing Ortiz when he was under arrest and being treated by medics. Accordingly, Ortiz has improperly briefed this issue and waived any error

Ortiz objected to the admission of State's Exhibits 28–48, stating they are cumulative, not relevant, and "improperly bolster the State's case." The trial court overruled Ortiz's objections and State's Exhibits 28–48 were admitted into evidence.

After hearing all the evidence, the jury acquitted Ortiz of the sexual assault charges but found him guilty of the felony offense of assault involving family violence by occlusion. Ortiz was sentenced by the trial court as a habitual offender to forty-years' imprisonment. The trial court entered judgments of acquittal on the sexual assault charges and a judgment of conviction on the felony charge of assault involving family violence by occlusion. Ortiz appeals the judgment of conviction.

## DISCUSSION

In his second issue, Ortiz argues State's Exhibits 29–38 should have been excluded from evidence because the photos were unfairly prejudicial and cumulative. Ortiz also argues State's Exhibits 39–47 were unfairly prejudicial and should have been excluded because the photos "show[ed] the jury that Ortiz lived in a disheveled environment, which inferentially was unfit for lawful activities." Finally, Ortiz argues "State's Exhibit 48—a photograph of the torn underwear—is unquestionably cumulative of" the actual underwear admitted as State's Exhibit 63.

The State argues Ortiz did not preserve error because his objection at trial does not comport with his complaint on appeal. The State asserts that Ortiz now complains the photos were unfairly prejudicial but only objected to the photos as cumulative and not relevant at trial. In the alternative, the State argues the evidence was more probative than prejudicial and the trial court did not abuse its discretion when it admitted State's Exhibits 29–48.

---

regarding State's Exhibit 28. *See Crawford v. State*, 595 S.W.3d 792, 801 (Tex. App.—San Antonio 2019, pet. ref'd) (holding appellant waived error when his brief failed to identify the error or explain how he was harmed by the error); *see also* TEX. R. APP. P. 38.1(i) (requiring an appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

*Preservation*

The complaint made on appeal must comport with the complaint made in the trial court or the error is waived. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial."); *Williams v. State*, 294 S.W.3d 674, 685 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (holding appellant's unfairly prejudicial complaint on appeal was not preserved when he only objected to the evidence as cumulative and not relevant at trial).

Here, no objection was raised that the photographs were unfairly prejudicial. Instead, Ortiz objected to State's Exhibits 29–38 as cumulative and State's Exhibits 39–48 as not relevant. Ortiz's unfairly prejudicial complaint on appeal does not comport with his objections at trial. *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009) ("A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial."). Therefore, we only consider Ortiz's challenge that State's Exhibits 29–38 and State's Exhibit 48 were needlessly cumulative.

*Standard of Review*

"The admissibility of a photograph is within the sound discretion of the trial judge." *Shuffield v. State*, 189 S.W.3d 782, 786 (Tex. Crim. App. 2006). "A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement." *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).

*Applicable Law*

Rule 403 of the Texas Rules of Evidence "allows for the exclusion of otherwise relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless

presentation of cumulative evidence." *Shuffield*, 189 S.W.3d at 786. "In determining whether potentially prejudicial evidence was properly admitted, the appropriate inquiry is not whether the evidence was more prejudicial than probative, but rather, whether the probative value was substantially outweighed by the danger of unfair prejudice or needless presentation of cumulative evidence." *Williams*, 294 S.W.3d at 685.

"In the balancing analysis, however, a presumption favors probative value over unfair prejudice or cumulative effect." *Id.* When conducting a rule 403 balancing analysis, the trial court should consider, but is not limited to, the following factors: (1) how probative is the evidence; (2) the potential for the evidence to impress the jury in some irrational, but nevertheless indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponents need for the evidence. *Shuffield*, 189 S.W.3d at 787.

*Analysis*

Ortiz argues State's Exhibits 29–38 were needlessly cumulative because they were photos of the same injuries portrayed by seven bodycam photos already in evidence. While the bodycam photos did show some of Gomez's injuries, they did not show all her injuries. Further, eight of the ten photos objected to are close-up images more clearly depicting the details and severity of Gomez's injuries and do not depict the ambulance. Because Ortiz was charged with felony assault, it was essential to the State's case to show the jury the details of Gomez's injuries. Thus, State's Exhibits 29–38 were highly probative.

We recognize the fact that State's Exhibits 29–38 were photos taken while Gomez was in an ambulance. However, there was testimony that Gomez was transported to the hospital by ambulance following the assault. *See Ramirez v. State*, 815 S.W.2d 636, 647 (Tex. Crim. App. 1991) ("Generally, [reviewing courts have] held photographs admissible if verbal testimony as to matters depicted in the photographs is also admissible."). As such, the trial court could have

reasonably concluded photos that may show Gomez in an ambulance would not impress the jury in some irrational or indelible way. *See Shuffield*, 189 S.W.3d at 787. Further, the State did not spend an inordinate amount of time developing the predicate to introduce the photos into evidence. *Id.*

Here, the probative value of State's Exhibits 29–38 was not substantially outweighed by any cumulative effect. *See Williams v. State*, 301 S.W.3d 675, 692 (Tex. Crim. App. 2009) (holding photographs had probative value when they depicted the victim's injuries); *see also Smith v. State*, No. AP-75,793, 2010 WL 3787576, at *18 (Tex. Crim. App. 2010) (mem. op., not designated for publication) (holding the probative value of photos depicting a victim's injuries was not substantially outweighed by any cumulative effect when they aided the theories relevant to the State's case).

State's Exhibit 48 was a photo of the torn underwear at the crime scene. The mere fact that the State introduced the torn underwear as an exhibit does not render State's Exhibit 48 cumulative. Rather, State's Exhibit 48 placed the torn underwear at the scene of the crime and tended to support Gomez's testimony regarding the assaultive nature of the crime and that the assault occurred while she was visiting Ortiz's home.

It was not outside the zone of reasonable disagreement for the trial court to conclude that the probative value of the photographs was not substantially outweighed by any cumulative effect. *Williams*, 301 S.W.3d at 692. The trial court's decision to admit State's Exhibits 29–38 and State's Exhibit 48 was not outside the zone of reasonable disagreement. Accordingly, we cannot say the trial court clearly abused its discretion.

Ortiz's second issue is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

Irene Rios, Justice

Do not publish