

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00134-CR
_____

### EX PARTE ANGEL ALBERTO RUIZ VALLESTEROS

On Appeal from the County Court
Kinney County, Texas
Trial Court No. 13329CR

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Angel Alberto Ruiz Vallesteros appeals the denial of his application for a pretrial writ of habeas corpus. Vallesteros claimed in his application that the State's policy of arresting and prosecuting men, but not women, for trespass violated the equal protection guarantees in the United States and Texas Constitutions.[1] The trial court denied the writ without a hearing on April 24, 2023.

Vallesteros urges this Court to treat his appeal as a petition for a writ of mandamus in the event we find that the trial court's order is not appealable. Because we find that the trial court's order is not appealable and because we are not authorized to entertain Vallesteros's claim of alternative mandamus relief, we dismiss this matter for want of jurisdiction.

## I. The Trial Court's Order is Not Appealable

The trial court's "Order on Application for Writ of Habeas Corpus" stated:

> ON this day came on to be heard the Application for Pretrial Writ of Habeas Corpus filed in the above entitled and number cause. The Court having considered same is of the opinion same should be:
>
>   X   the Application is denied without issuing the writ[.]
>
>       the Application is granted, an order issuing the writ and hearing to be held       .
>
>       the Application is granted with an order issuing the writ, and the merits will be heard by submission of evidence . . . .

---

[1]This case was originally appealed to the Fourth Court of Appeals in San Antonio. It was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. As a result, we follow the precedent of the Fourth Court of Appeals. *See* TEX. R. APP. P. 41.3.

Our sister court addressed the issue of whether an identical order was appealable in *In re Rogelio Lopez Perez*, No. 04-23-00294-CR, 2023 WL 5270488, at *1 (Tex. App.—San Antonio Aug. 16, 2023, orig. proceeding) (per curiam) (mem. op.). In that case, the trial court also placed an "X" in the blank before the words, "the Application is denied without issuing the writ." *Id.* As in this case, "[t]he trial court's order specifically states [that] the trial court based its ruling on relator's application." *Id.* Also as in this case, "the order shows [that] the trial court affirmatively declined to issue a writ, hold an evidentiary hearing, or submit written evidence when it did not select the blanks corresponding with [those] actions." *Id.* Here, as in *In re Perez*, nothing in the record indicates that the trial court issued a writ or held an evidentiary hearing.

"Nothing in the order or record suggests that the trial court ruled on the merits of [Vallesteros's] equal protection claim." *Id.* at *2. "If the trial court had ruled on the merits of [Vallesteros's] habeas application, then the proper remedy would be to appeal the order denying relator's habeas application—not to seek mandamus review." *Id.* (citing *Ex parte Villanueva*, 252 S.W.3d 392, 395 (Tex. Crim. App. 2008) ("[A]n appeal may be prosecuted when a judge issues a ruling on the merits."); *Ex parte Sifuentes*, 639 S.W.3d 842, 846 (Tex. App.—San Antonio 2022, pet. ref'd) ("If the record shows that the trial court heard evidence and addressed the merits, the result is appealable.")).

Because the trial court did not issue a writ or rule on the merits, the trial court's order is not appealable.

3

## II. Mandamus Relief

Vallesteros contends that, as a matter of law, his equal protection claim is cognizable as a pretrial writ because "'a conviction is void under the Equal Protection Clause if the prosecutor deliberately charged the defendant on account of his race' or other prohibited classification like gender." *Ex parte Aparicio*, No. 04-22-00623-CR, 2023 WL 4095939, at \*10 (Tex. App.—San Antonio June 21, 2023, pet. filed) (en banc) (alteration in original) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 264 (1986)). Indeed, our sister court in *Ex parte Aparicio* determined that, if the appellant's "selective-prosecution claim on the basis of equal protection has merit, any conviction resulting from a trial would be void, and he would be entitled to release." *Id.* (citing *Vasquez*, 474 U.S. at 264; *Lovill v. State*, 287 S.W.3d 65, 81 (Tex. App.—Corpus Christi–Edinburg 2008), *rev'd on other grounds*, 319 S.W.3d 687 (Tex. Crim. App. 2009)). Vallesteros therefore asks this Court to order the trial court "to issue [the writ] and hear his [habeas claims]." This we cannot do.

As a transferee Court, this Court does not have jurisdiction to entertain a petition for a writ of mandamus against a San Antonio trial court. *See* TEX. GOV'T CODE ANN. § 22.221(b)(1)–(3) (empowering appellate courts to issue writs against courts within the court of appeals district).

Because the trial court's order is not appealable, we have no jurisdiction to entertain Vallesteros's appeal. *See Ex parte Villanueva*, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008); *Ex parte Sifuentes*, 639 S.W.3d 842, 846 (Tex. App.—San Antonio 2022, pet. ref'd). Because

4

we have no jurisdiction over Vallesteros's alternative mandamus petition, we are without jurisdiction over this matter.

As a result, we dismiss this matter for want of jurisdiction.[2]

Scott E. Stevens
Chief Justice

Date Submitted:     August 16, 2023
Date Decided:       August 25, 2023

Do Not Publish

---

[2]On August 24, 2023, Vallesteros filed an emergency motion seeking a temporary stay of the trial court proceedings. Given our disposition of this matter, that motion is denied.