

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00153-CR

_____

MICHAEL ALEXANDER GUTIERREZ, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1612004

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

A jury found Appellant Michael Alexander Gutierrez guilty of two counts of aggravated sexual assault of a child and assessed his punishment at thirty-five years' confinement and a $10,000 fine for one offense and twenty years' confinement and a $10,000 fine for the other offense. The trial court cumulated the sentences. On appeal, in Gutierrez's sole point, he argues that the trial court abused its discretion by overruling his objection and admitting evidence of sexual offenses that he allegedly committed in Dallas County because the State had not given him the proper notice. Holding that Gutierrez failed to preserve his complaint, we overrule his sole point and affirm the trial court's judgments.

## I. Background

In the indictment, the State alleged that Gutierrez had committed four sexual offenses against the complainant. During trial, the State determined that two of those alleged offenses occurred in Dallas County, and it waived those counts.[1] The jury

---

[1]The State waived counts two and four. The second count alleged aggravated sexual assault of a child by causing the mouth of the child younger than fourteen years of age to contact the defendant's sexual organ. *See* Tex. Penal Code Ann. § 22.021(a)(1)(A)(ii), (a)(2)(B). And the fourth count alleged indecency with a child with contact by causing the complainant, a child younger than seventeen years of age, to touch the defendant's genitals. *See id.* § 21.11(a)(1). The State waived both counts after jeopardy had already attached. *See Ex parte Contreras*, 640 S.W.3d 279, 282 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd) ("Jeopardy attaches when a jury is impaneled and sworn."). The State waived count two shortly before reading the indictment to the jury and moved to abandon the fourth count right before resting its case.

2

found Gutierrez guilty of the two remaining counts, which occurred in Tarrant County.[2]

## II. Complaint on Appeal

In Gutierrez's sole point, he argues that the trial court abused its discretion by overruling his objection and admitting evidence of sexual offenses that he allegedly committed in Dallas County in violation of the notice requirement of Rule 404(b) of the Texas Rules of Evidence. *See* Tex. R. Evid. 404(b). Gutierrez points out that the State's notice of its intent to introduce evidence of extraneous offenses identified the Dallas offenses against the complainant but misidentified the date as July 2019. The correct date was July 2018. Gutierrez concludes that although he had notice of Dallas County offenses allegedly committed in July 2019, he had no notice of Dallas County offenses allegedly committed in July 2018. We hold that he has not preserved his complaint.

Before trial, in a hearing outside the jury's presence, Gutierrez asserted that he would not be objecting to the evidence regarding the Dallas County offenses: "And, Judge, we want to make clear that we are not objecting to the -- to the Dallas County case, only to the extraneous as to [a different complainant], the Bexar County case."

---

[2]The jury found Gutierrez guilty of counts one and three. The first count alleged aggravated sexual assault of a child by causing the defendant's sexual organ to contact the sexual organ of a child younger than fourteen years of age. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii), (a)(2)(B). The third count alleged aggravated sexual assault of a child by causing the finger of the defendant to penetrate the sexual organ of a child younger than fourteen years of age. *See id.* § 22.021(a)(1)(B)(i), (a)(2)(B).

During trial, the complainant testified about the offenses that had allegedly occurred in Dallas County. True to his pretrial representations, Gutierrez did not object to the testimony regarding the Dallas County offenses.

Rule 33.1 of the Texas Rules of Appellate Procedure establishes the requirements for preserving a complaint for appellate review. Tex. R. App. P. 33.1. To preserve an appellate complaint, the record must show that the complaining party made a specific and timely objection to the trial court and that the trial court ruled on the objection. *Id.*; *Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009).

Here, Gutierrez did not object to the complained-of testimony. We hold that he has not preserved his appellate complaint. *See* Tex. R. App. P. 33.1; *Lovill*, 319 S.W.3d at 691. We overrule Gutierrez's sole point.

### III. Conclusion

Having overruled Gutierrez's sole point, we affirm the trial court's judgments on counts one and three.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 11, 2024

4