

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00129-CR

**RONNIE JOE KAY,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the County Court at Law No. 1
### Brazos County, Texas
### Trial Court No. 20-04400-CRM-CCL1

## MEMORANDUM OPINION

Ronnie Joe Kay was convicted of Driving While Intoxicated and sentenced to 180 days in jail. The trial court suspended Kay's sentence and placed Kay on community supervision for two years. We affirm the trial court's judgment.

In one issue on appeal, Kay complains that the trial court erred in failing to submit the defense-requested article 38.23 instruction in the court's charge. Specifically, Kay complains the failure was error because a "cancelled" license plate could not provide justification for stopping Kay when, as Kay argues, the Governor of Texas rendered the

applicable statute unenforceable. This argument, however, was not made to the trial court. Instead, Kay only asserted the instruction should be required because Kay disputed the assertion by the deputy that he was weaving in and out of his lane. *See Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007) (article 38.23 instruction required when evidence raises issue of fact which is affirmatively contested and material).

As the Court of Criminal Appeals has said,

> Texas Rule of Appellate Procedure 33.1, which establishes the requirements for preserving a complaint for appellate review, governs this case. To preserve a complaint for appellate review, the record must show that a specific and timely complaint was made to the trial judge and that the trial judge ruled on the complaint. The specificity requirement is met if the complaint made at trial was clear enough to the trial judge so as to permit the trial judge to take corrective action when the complaint was made. The complaining party must have informed the trial judge what was wanted and why the party was entitled to it. A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial.

*Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009) (internal footnotes omitted). Because Kay's complaint on appeal does not comport with the complaint raised at trial, it is not preserved for appellate review.[1] *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999).

Accordingly, Kay's issue is overruled, and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

---

[1] Thus, the article 38.23 instruction was not required because trial counsel did not dispute that Kay's license plate was cancelled or that a cancelled license plate was sufficient to justify a traffic stop.

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed November 27, 2024
Do not publish
[CR25]

