# Court of Appeals
## Tenth Appellate District of Texas

10-23-00345-CR

Magnus Vance Moore,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
19th District Court of McLennan County, Texas
Judge Thomas C. West, presiding
Trial Court Cause No. 2017-1815-C1

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Mangus Vance Moore was convicted of sexual assault of a child and sentenced to seven years in prison. *See* TEX. PENAL CODE § 22.011(a)(2). We affirm the trial court's judgment.

In one issue on appeal, Moore complains that the trial court erred in admitting the medical report from the State's witness, Dr. Soo Battle, who performed a physical examination of the victim, K.H., after K.H. made an

outcry of sexual assault against Moore. Specifically, Moore asserts on appeal that the report is inadmissible because it improperly bolsters K.H.'s testimony, and it improperly determined the jury's ultimate fact issue, that is, whether Moore sexually assaulted K.H. These complaints, however, were not made to the trial court. Instead, Moore asserted at trial that the report is not a proper medical record for purposes of the hearsay exception because it is "more akin to an offense report in that it is unreliable given her perspective[,]" and the report is incomplete.

> As the Court of Criminal Appeals has said,

> Texas Rule of Appellate Procedure 33.1, which establishes the requirements for preserving a complaint for appellate review, governs this case. To preserve a complaint for appellate review, the record must show that a specific and timely complaint was made to the trial judge and that the trial judge ruled on the complaint. The specificity requirement is met if the complaint made at trial was clear enough to the trial judge so as to permit the trial judge to take corrective action when the complaint was made. The complaining party must have informed the trial judge what was wanted and why the party was entitled to it. A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial.

*Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009) (internal footnotes omitted). Because Moore's complaint on appeal does not comport with the complaint raised at trial, it is not preserved for appellate review. *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999).

Moore's sole issue on appeal is overruled, and the trial court's judgment

is affirmed.



                                              _____

                                              LEE HARRIS

                                              Justice

OPINION DELIVERED and FILED:  May 8, 2025

Before Chief Justice Johnson,
        Justice Smith, and
        Justice Harris
Affirmed
Do Not Publish
[CR25]

