# Court of Appeals
## Tenth Appellate District of Texas

10-24-00051-CR

Addison Kuria Ngumba,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
County Court at Law No. 3 of Ellis County, Texas
Judge Joseph R. Gallo, presiding
Trial Court Cause No. 2310328

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Addison Kuria Ngumba was convicted of assault/family violence, a Class A misdemeanor, and sentenced to 365 days in jail. *See* TEX. PENAL CODE § 22.01. We affirm the trial court's judgment.

## SELF-REPRESENTATION[1]

Ngumba's first two issues address his decision to represent himself at trial.

---

[1] Because Ngumba does not challenge the sufficiency of the evidence to support his conviction, we do not discuss the factual basis for his charge and conviction.

*Background*

The trial court appointed counsel for Ngumba. On January 18, 2024, the State and Ngumba's counsel participated in jury selection for Ngumba's trial. Six jurors and two alternates were selected and told to return for trial on January 24, 2024.

The morning of trial and prior to swearing in the jury, Ngumba informed the trial court that he would like to "relieve his lawyer" and proceed to trial without counsel. The trial court admonished Ngumba as to the dangers and disadvantages associated with proceeding *pro se*, but Ngumba remained adamant in his desire to proceed without trial counsel and completed a written waiver to that effect. The trial court granted Ngumba's request and permitted Ngumba to represent himself. But, as a precautionary measure, the trial court also permitted Ngumba's former trial counsel to remain present, in the gallery of the courtroom, during the entire trial if needed by Ngumba.

*Suggestion of Incompetency*

Ngumba first contends the trial court should have conducted an inquiry into Ngumba's competency when Ngumba waived his right to counsel and represented himself at trial.

The prosecution and conviction of a defendant while legally incompetent violates the fundamental interests of due process. *Petetan v. State*, 622 S.W.3d 321, 336 (Tex. Crim. App. 2021). "A defendant is presumed competent to stand

trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence." TEX. CODE CRIM. PROC. art. 46B.003(b). A defendant is incompetent to stand trial for a criminal offense if he does not have: (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational, as well as factual, understanding of the proceedings against him. *Id.* at (a); *Williams v. State*, 707 S.W.3d 233, 241 (Tex. Crim. App. 2024).

If evidence suggesting a defendant may be incompetent to stand trial comes to the trial court's attention, "the court on its own motion shall suggest that the defendant may be incompetent to stand trial" and "shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." TEX. CODE CRIM. PROC. art. 46B.004(b)-(c). An informal inquiry is required upon a "suggestion" from any credible source that the defendant may be incompetent. *Id.* at (a), (c), (c-1); *Williams*, 707 S.W.3d at 242.

We review a trial court's decision regarding an informal competency inquiry for an abuse of discretion. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), superseded on other grounds by statute, *Turner v. State*, 422 S.W.3d 676, 692 & n.31 (Tex. Crim. App. 2013). In conducting our review, we do not substitute our judgment for that of the trial court, but rather, we determine whether the trial court's decision was arbitrary or unreasonable. *Id.*

On appeal, Ngumba contends that his stated request at the start of the trial to represent himself and the State's and his appointed counsel's surprise at his request constituted a suggestion of incompetency that should have triggered an informal inquiry. He provides no case authority, and we have found none, to support his argument. Regardless, nothing in the record suggests Ngumba was incompetent. He understood the charge and knew the range of punishment. Over the course of the entire trial, Ngumba gave an opening statement, objected, called witnesses, cross-examined witnesses, admitted evidence, consulted with "standby" counsel, and presented closing arguments. He did not have any outbursts or exhibit any bizarre behavior during his self-representation. He also presented a consistent theory of the case—that he and his wife had an argument but that his wife's friends influenced her to call the police and that the State could not prove when she was injured.

Accordingly, after reviewing the record and the statutory authority, we find the trial court did not abuse its discretion in failing to conduct an informal inquiry pursuant to article 46B.004(b)-(c) of the Texas Code of Criminal Procedure.

Ngumba's first issue is overruled.

### Waiver of Counsel

Next, Ngumba asserts his waiver of counsel was ineffective, and thus, he was deprived of the right to the assistance of counsel.

Every criminal defendant has a constitutional right to the assistance of

counsel and a constitutional right to self-representation.  U.S CONST. amend. VI; TEX. CONST. art. I § 10; *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); *Osorio-Lopez v. State*, 663 S.W.3d 750, 756 (Tex. Crim. App. 2022).  A defendant's assertion of the right to self-representation must be clear and unequivocal.  *Osorio-Lopez v. State*, 663 S.W.3d 750, 756 (Tex. Crim. App. 2022).

When a defendant asserts the right to self-representation, the trial judge must inform the defendant of "the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541, 45 L. Ed. 2d 562 (1975) (quoting *Adams v. United States*, 317 U.S. 269, 279, 63 S. Ct. 236, 241-42, 87 L. Ed. 268 (1942)).  A defendant's waiver of the right to counsel is not effective unless the record reflects that it is made intelligently and knowingly with full knowledge of the right to counsel being abandoned and the perils of self-representation.  *See Faretta*, 422 U.S. at 835, 95 S. Ct. at 2541; *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008).  To assess whether a waiver is effective, we consider the totality of the circumstances.  *Williams*, 252 S.W.3d at 356.

Ngumba contends his waiver was ineffective because, when asked if his decision to represent himself was made intelligently, he replied, "I hope so."  But Ngumba takes his reply out of context and ignores the significant amount of time

the trial court spent confirming that Ngumba understood the risks he was taking by proceeding without counsel. The trial court emphasized that Ngumba would be expected to follow the same rules and procedures as an attorney which would be a difficult task given Ngumba's lack of training as an attorney. The trial court reviewed the charge against Ngumba, the punishment range for the offense, and other collateral consequences, and requested confirmation that Ngumba understood each. Ngumba understood all dangers and disadvantages that the trial court communicated to him. The trial court also asked Ngumba whether he would like a recess to consider his decision and its disadvantages. Ngumba rejected this offer and unequivocally responded "yes," when asked whether his decision to waive his right to counsel was knowing and voluntary. Further, the trial court read a form waiver of representation to Ngumba which Ngumba signed.

Simply because Ngumba responded "I hope so" to whether his decision to waive his rights was made intelligently does not mean we disregard the warnings given and understood or Ngumba's affirmations to the trial court's questions. Rather, based on the totality of the circumstances of the interaction between the trial court and Ngumba, the record demonstrates that Ngumba clearly and unequivocally requested to represent himself, intelligently waived his right to be represented by counsel, and made his choice with "eyes open."

Ngumba's second issue is overruled.

**ADMISSION OF EVIDENCE**

In his last issue, Ngumba contends the trial court erred in admitting photographic evidence over Ngumba's objection because its probative value was substantially outweighed by the danger of unfair prejudice under Texas Rule of Evidence 403. However, that objection was not made at trial. Instead, Ngumba objected on the grounds that he did not know when the photographs were taken.

Because the basis of Ngumba's complaint on appeal varies from the complaint raised at trial, it is not preserved for appellate review. *See Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009); *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999). *See also Ali Awad Mahmoud Irsan v. State*, 708 S.W.3d 584, 613 n.8 (Tex. Crim. App. 2025).

Ngumba's third issue is overruled.

**CONCLUSION**

Having overruled each issue presented on appeal, we affirm the trial court's judgment.

LEE HARRIS
Justice

OPINION DELIVERED and FILED: August 21, 2025

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Affirmed
Do Not Publish
CR25

